582 So.2d 1225 (1991)
The STATE of Florida, Petitioner,
v.
Jaimes Antonio PARDO, a/k/a Jay Pardo Foliacci, a/k/a Anthony James Pardo Foliacci, Respondent.
No. 91-1215.
District Court of Appeal of Florida, Third District.
July 9, 1991.
*1226 Robert A. Butterworth, Atty. Gen., and Anita J. Gay, Asst. Atty. Gen., for petitioner.
Kaeiser & Potolsky and Clayton R. Kaeiser, Miami, for respondent.
Before FERGUSON, COPE and GERSTEN, JJ.
COPE, Judge.
The State petitions for a writ of certiorari to quash the trial court's order excluding a child victim's hearsay statements from introduction into evidence at trial. The question presented is whether a child's hearsay statements which qualify for the child victim hearsay exception, § 90.803(23), Florida Statutes (1989), must be excluded from evidence whenever the child is able to testify fully and completely at trial, on the ground that admission of the child's prior consistent statements would constitute impermissible bolstering of the child's testimony. We grant the writ and quash the order under review.
Defendant Jaimes Pardo is charged with seven counts of capital sexual battery on a child who was seven years of age at the time of the events in question. Pursuant to subsection 90.803(23), the State filed notices of intent to rely on hearsay statements made by the child victim to several individuals. The trial court conducted a hearing as contemplated by the statute in order to ascertain the reliability of the statements. The court viewed a videotape interview of the child victim and reviewed depositions of the child victim and the rape treatment center physician. The court took testimony from mental health counselor Dawn Bralow, rape treatment center physician Dr. Raquel Bild-Libbin, and state attorney children's center interviewer Merci Restani.
At the conclusion of the hearing, the court found that the child's statements made to the three witnesses contained sufficient indicia of reliability to render them admissible pursuant to subsection 90.803(23). The court made the requisite findings under the statute, and those findings are not challenged here. The court also found that the State intended to call the child to testify at trial, and that the child had the ability to testify fully concerning all of the elements of the alleged crimes.
The trial court concluded, however, that it was required to exclude the hearsay statements under authority of Kopko v. State, 577 So.2d 956 (Fla. 5th DCA 1991). Kopko holds that where the child victim is able to testify fully regarding the circumstances of the alleged sexual abuse, the child's prior consistent statements may not be introduced, even though the criteria of subsection 90.803(23) are satisfied. In the present case the trial court expressed disagreement with Kopko but concluded that in the absence of a decision from this court or the Florida Supreme Court, the trial court was obliged to follow Kopko. The court entered an order excluding the child's *1227 hearsay statements under authority of Kopko while encouraging the State to seek review here.
As a preliminary matter, we address the weight to be given by trial courts to the decisions of other district courts of appeal where there is no controlling decision of this court or the Florida Supreme Court. In our view, decisions of other district courts of appeal should be treated by trial courts in the same way that this court treats such decisions: as persuasive authority. Such decisions are deserving of careful consideration by trial courts in this district, but are not binding on them. Smith v. Venus Condominium Ass'n, Inc., 343 So.2d 1284, 1285 (Fla. 1st DCA 1976), quashed on other grounds, 352 So.2d 1169 (Fla. 1977). Contra In re E.B.L., 544 So.2d 333, 336 (Fla. 2d DCA 1989); State v. Hayes, 333 So.2d 51, 53 (Fla. 4th DCA 1976).
The trial court's ultimate obligation is to ascertain and follow the law. The interests of justice are best served where trial judges have the opportunity and responsibility to reach a reasoned decision after consideration of all pertinent authority. In the present case there were sound reasons to disagree with the Kopko decision, and the trial court was entitled to do so.
As a second preliminary matter, we note that the order below does not involve any ruling on the admissibility of statements made for purposes of medical diagnosis or treatment under subsection 90.803(4), Florida Statutes (1989). See generally State v. Ochoa, 576 So.2d 854 (Fla. 3d DCA 1991). The issue before us involves only the proper interpretation of subsection 90.803(23).[1]
Turning to the merits of the petition, subsection 90.803(23) is a hearsay exception for child victims of sexual or other abuse who are eleven years of age or younger. It was added to the Evidence Code in 1985, see ch. 85-53, § 4, Laws of Fla., and placed within section 90.803  a group of hearsay exceptions which may be invoked whether or not the hearsay declarant  in this case, the child  is available to testify at trial.[2] As a statutory matter, the text of subsection 90.803(23) explicitly provides that the child's hearsay statements qualify for the exception if the child testifies. Id. § 90.803(23)(a)(2). In the present case, once the court determined that the criteria of subsection 90.803(23) had been satisfied, the hearsay rule was overcome and the child's statements to the three specific individuals could not be excluded on the ground that they are hearsay.
The Kopko court examined the line of Florida decisions holding that where a witness testifies at trial, the court may not (subject to certain exceptions) also admit the prior consistent statements of the witness. Kopko, 577 So.2d at 960. With respect to adult witnesses, this has been seen as unfair bolstering of the credibility of the testifying witness. Id.; see, e.g., Demps v. State, 462 So.2d 1074, 1075 (Fla. 1984); Reyes v. State, 580 So.2d 309 (Fla. 3d DCA 1991); Lazarowicz v. State, 561 So.2d 392 (Fla. 3d DCA 1990); Allison v. State, 162 So.2d 922, 924 (Fla. 1st DCA 1964). This general policy is now reflected in provisions of the Evidence Code. See §§ 90.801(1)(c), (2)(b), 90.802, Fla. Stat. (1989).
Based on the concern to avoid unfair bolstering, the Kopko court said:

Accordingly we hold that where a child victim is able at trial to fully and accurately recount the crime perpetrated on him or her, it is error also to allow the introduction of prior consistent statements made by the child. Where the child's out-of-court statements are *1228 needed to provide evidence of any aspect of the crime or related events which the testifying or unavailable child cannot adequately supply, such out-of-court statements are available pursuant to section 90.803(23).
... .
... Appellant is entitled to a new trial in which... the child victim's version of events can be submitted by the state to the jury once  unless the defense opens the door to more.

Kopko, 577 So.2d at 962-63 (emphasis added).
We are unable to subscribe to the reasoning of the Kopko court. The limitation which has been read into subsection 90.803(23) runs counter to the plain language of the statute. By its placement in section 90.803, as well as by the explicit language of subsection 90.803(23) itself, a child victim's hearsay statement cannot be objected to on hearsay grounds where the criteria of subsection 90.803(23) are met  whether or not the child testifies at trial.
That is not, however, the end of the inquiry. Although the child's statements cannot be excluded as hearsay, the statements, like any other evidence, are subject to analysis under section 90.403, Florida Statutes (1989). Thus, the defendant can move for exclusion of the evidence under section 90.403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence."
The Kopko court took the position that the presentation of the child's prior consistent statements through the testimony of the various professionals who had interviewed the child would be unfair to the defendant. As a result, the Kopko court imposed a categorical "one witness" limitation where, as here, the child victim was able to testify fully about the events in question. While the Evidence Code does not support the categorical limitation devised by Kopko, it does contain a mechanism in section 90.403 by which to evaluate any claim that the probative value is substantially outweighed by the danger of unfair prejudice.
We conclude that the order in limine should not have been entered on the basis of Kopko, and accordingly quash the order under review. This ruling is without prejudice to the defendant's right to submit a motion under section 90.403. We do not in any way intimate a view on the merits of any such motion.
We certify express and direct conflict with Kopko v. State. We certify that we have passed on the following question of great public importance:
WHERE A CHILD VICTIM'S HEARSAY STATEMENTS SATISFY SUBSECTION 90.803(23), FLORIDA STATUTES (1989), AND THE CHILD IS ABLE TO TESTIFY FULLY AT TRIAL, MUST THE HEARSAY STATEMENTS BE EXCLUDED SOLELY BECAUSE THEY ARE PRIOR CONSISTENT STATEMENTS BY THE CHILD, OR IS THE TEST FOR EXCLUSION THAT FOUND IN SECTION 90.403, FLORIDA STATUTES (1989)?
Certiorari granted; question certified; conflict certified.
NOTES
[1] As explained in Ochoa, statements by a child declarant for purposes of medical diagnosis or treatment ordinarily qualify for the hearsay exception set forth in subsection 90.803(4). Under a traditional analysis, however, that hearsay exception is limited to those statements deemed necessary for purposes of medical diagnosis or treatment and ordinarily does not apply to the child's hearsay statements identifying the perpetrator. It appears that the State has proceeded under subsection 90.803(23) with respect to the rape treatment center physician in order to utilize the broader scope of the hearsay exception under subsection 90.803(23).
[2] By contrast, the hearsay exception set forth in section 90.804, Florida Statutes, may only be invoked where the declarant is unavailable as a witness.