HALL, Judge.
The appellant, Timothy Perry, challenges his convictions for two counts of attempted capital sexual battery of a child under twelve in violation of sections 794.-011 and 777.04, Florida Statutes (1989). He contends the admission of child hearsay through two adult witnesses who testified at trial constituted reversible error. We disagree and affirm.
The appellant was convicted of committing sexual battery upon each of his two daughters, Jenna, age seven, and Renee, age four. The revelation that the two child victims had been sexually abused by their father came to light under circumstances involving the children’s aunt, Catherine Morgan.
At the appellant’s jury trial, Ms Morgan testified she first spoke to Jenna about the abuse when Ms Morgan’s four-year-old son began exposing himself. When Ms Morgan asked her son about his behavior, he told her that Jenna had “played with his private part." When Ms Morgan confronted Jenna, Jenna told Ms Morgan she had learned such behavior from her father.
Ms Morgan further testified she thereafter asked Jenna various questions about her relationship with her father. In response, Jenna described conduct which was sexually explicit in nature. During the same conversation, Renee Perry volunteered information indicating she had also been sexually abused by her father. Ms Morgan thus testified to specific out-of-court statements made by both children which tended to incriminate their father.
When the alleged abuse was reported to the police, the child victims were interviewed by a detective. For the most part, the children merely repeated to the detective what they had already told their aunt. Thus, the detective, too, testified as to out-of-court statements made by the children during their interview.
The children also testified at trial. Their trial testimony was consistent with what Ms Morgan and the detective described.
The appellant argues the hearsay statements in question did not meet statutory requirements of trustworthiness and relia *621 bility under section 90.803(23), Florida Statutes (1989). He also argues that child hearsay elicited from more than one witness during a single trial is impermissibly repetitive under Kopko v. State, 577 So.2d 956 (Fla. 5th DCA 1991).
The record shows the trial court made all requisite findings of reliability under section 90.803(23) and set them out in detail. Since the question of reliability is a matter solely within the discretion of the trial court, this court can neither reweigh the evidence nor otherwise disturb such a finding on appeal absent a clear showing of abuse. Since the trial court complied with the statute in every respect, we must affirm its determination regarding the admissibility of the child hearsay at issue. See Perez v. State, 536 So.2d 206, 209-10 (Fla.1989); and Kopko, 577 So.2d at 960.
As to repetitions of child hearsay, the Fifth District in Kopko v. State, found that section 90.803(23) “suggests at least one repetition” of child hearsay is permissible “if the child testifies.” Id. at 960. The court further found, however, that repetitious child hearsay from multiple witnesses is unfair to a defendant and contravenes the longstanding rule prohibiting the admission of prior consistent statements to bolster a victim’s in-court testimony. Kopko, 577 So.2d at 962 (citing Wise v. State, 546 So.2d 1068 (Fla. 2d DCA), review denied, 554 So.2d 1169 (Fla.1989)).[1] The Kopko court therefore determined that child hearsay comes in under the statute only in very limited circumstances.
To the contrary is State v. Pardo, 582 So.2d 1225 (Fla. 3d DCA 1991). In Pardo, the Third District found that section 90.-803(23) is silent as to any limitation expressed in Kopko. The Pardo court determined that the plain language of the statute indicates if the statutory requirements are met, child hearsay is admissible without limitation as to the number of hearsay witnesses who may testify. This, however, is subject to the defendant moving “for exclusion of the evidence under section 90.-403 ‘if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.’ ” Pardo, 582 So.2d at 1228.
We find merit in both of these decisions, but in their entirety we can agree with neither. Under the Pardo rationale, we can envision the prosecution parading an endless stream of hearsay witnesses before the jury, smothering the defendant in an avalanche of consistent statements. We are not convinced that section 90.403, Florida Statutes (1989), fully addresses this circumstance. Applying Kopko, the trial court can exclude all hearsay witnesses which appear contrary to the legislative intent of section 90.803(23). The Kopko court did acknowledge that “[t]he statute itself suggests at least one repetition is permissible by providing that the victim’s hearsay statements are admissible if the child testifies.” Kopko, 577 So.2d at 960.
In our view, the correct rule is that section 90.803(23) does in fact require that at least one hearsay witness be permitted to testify once the statutory prerequisites are met. Beyond that, we concur with Pardo that the accused may seek protection under section 90.403 and with our prior decision in Wise that the trial court may exclude successive hearsay witnesses whose testimony of prior consistent statements merely bolsters and adds credence to the child victim’s testimony. Such determinations are within the sound discretion of the trial court on a case-by-case basis.
Affirmed.
CAMPBELL, A.C.J., and PATTERSON, J., concur.

. Wise does not discuss nor refer to section 90.803(23).