596 So.2d 665 (1992)
James Antonio PARDO, etc., Petitioner,
v.
STATE of Florida, Respondent.
No. 78318.
Supreme Court of Florida.
March 26, 1992.
Clayton R. Kaeiser of Kaeiser & Potolsky, P.A., Miami, for petitioner.
*666 Robert A. Butterworth, Atty. Gen., and Anita J. Gay, Asst. Atty. Gen., Miami, for respondent.
BARKETT, Justice.
We have for review State v. Pardo, 582 So.2d 1225 (Fla.3d DCA 1991), in which the district court certified express and direct conflict with Kopko v. State, 577 So.2d 956 (Fla. 5th DCA 1991), and certified the following question of great public importance:[1]
Where a child victim's hearsay statements satisfy subsection 90.803(23), Florida Statutes (1989), and the child is able to testify fully at trial, must the hearsay statements be excluded solely because they are prior consistent statement by the child, or is the test for exclusion that found in section 90.403, Florida Statutes (1989)?
582 So.2d at 1228. In addition to the certified question and conflict, we also find the district court's opinion conflicts with the Fourth District's decision in State v. Hayes, 333 So.2d 51 (Fla. 4th DCA 1976), and our decision in Weiman v. McHaffie, 470 So.2d 682 (Fla. 1985).
James Antonio Pardo is charged with seven counts of capital sexual battery on a child seven years of age.[2] Pursuant to subsection 90.803(23), Florida Statutes (1989), the State filed notices of intent to rely on hearsay statements made by the child victim to nine separate individuals.[3] After conducting a hearing as provided by the statute, the court found the statements of three witnesses sufficiently reliable to be admissible.[4] However, the court also found that the State intended to call the child to testify at trial and that the child had the ability to testify fully concerning all the elements of the alleged crimes. The court concluded that it was required to exclude the hearsay statements under the authority of Kopko v. State, 577 So.2d 956, 962 (Fla. 5th DCA 1991), which held that, even though the criteria of section 90.803(23) are satisfied, where the child is able to testify fully regarding the circumstances of the alleged abuse, hearsay statements regarding the abuse are inadmissible prior consistent statements. Accordingly, the trial court ordered the hearsay statements excluded. The district court suggested that the trial court was entitled to disregard Kopko, and in any event, determined that the holding in Kopko was inconsistent with the plain language of the statute, and therefore quashed the trial court's order.
Initially, we note that the district court erred in commenting that decisions of other district courts of appeal were not binding on the trial court. This Court has stated that "[t]he decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by this Court." Stanfill v. State, 384 So.2d 141, 143 (Fla. 1980). Thus, in the absence of interdistrict conflict, district court decisions bind all Florida trial courts. Weiman v. McHaffie, 470 So.2d 682, 684 (Fla. 1985). The purpose of this rule was explained by the Fourth District in State v. Hayes:
The District Courts of Appeal are required to follow Supreme Court decisions. As an adjunct to this rule it is logical and necessary in order to preserve stability and predictability in the law that, likewise, trial courts be required to follow the holdings of higher courts  District Courts of Appeal. The proper hierarchy of decisional holdings would demand that in the event the only case on point on a district level is from a district other than the one in which the trial court is located, the trial court be required to follow that decision. Alternatively, *667 if the district court of the district in which the trial court is located has decided the issue, the trial court is bound to follow it. Contrarily, as between District Courts of Appeal, a sister district's opinion is merely persuasive.
333 So.2d 51, 53 (Fla. 4th DCA 1976) (footnote and citations omitted).[5] Consequently, the trial court in this case was bound by the Fifth District's decision in Kopko.
On the merits, we find that a child victim's hearsay statement which qualifies for the statutory exception in section 90.803(23) may be admissible in evidence when the child is able to testify fully at trial notwithstanding its characterization as a prior consistent statement.
Section 90.803(23) provides in relevant part:
(a) Unless the source of information or the method or circumstances by which the statement is reported indicates a lack of trustworthiness, an out-of-court statement made by a child victim with a physical, mental, emotional, or developmental age of 11 or less describing any act of child abuse, sexual abuse, or any other offense involving an unlawful sexual act, contact, intrusion, or penetration performed in the presence of, with, by, or on the declarant child, not otherwise admissible, is admissible in evidence in any civil or criminal proceeding if:
1. The court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provide sufficient safeguards of reliability... . and
2. The child either:
a. Testifies; or
b. Is unavailable as a witness, provided that there is other corroborative evidence of the abuse or offense.
§ 90.803(23)(a), Fla. Stat. (1989) (emphasis added).
Pardo argues, in reliance on the Fifth District's decision in Kopko, that where the child is able to testify fully, admission of the child's prior consistent statements would contravene the established rule of evidence that prior consistent statements of a witness are inadmissible to corroborate or bolster the witness's trial testimony. See, e.g., Van Gallon v. State, 50 So.2d 882, 882 (Fla. 1951); Wise v. State, 546 So.2d 1068, 1069 (Fla. 2d DCA), review denied, 554 So.2d 1169 (Fla. 1989); 98 C.J.S. Witnesses § 472, at 349-350 (1957).
Although Pardo's argument has merit, his position runs counter to the plain language of the statute. Section 90.803(23) clearly envisions the admission of a child victim's hearsay statement despite its characterization as a prior consistent statement. As this Court has stated many times, it is a fundamental principle of statutory construction that where the language of a statute is plain and unambiguous there is no occasion for judicial interpretation. E.g., Holly v. Auld, 450 So.2d 217, 219 (Fla. 1984); Van Pelt v. Hilliard, 75 Fla. 792, 798-99, 78 So. 693, 694-95 (1918). We therefore agree with the court below that the language of section 90.803(23) is unambiguous and plainly provides that, if reliable, a child victim's hearsay statement is not excludable per se as hearsay, or as a prior consistent statement, even though the child testifies fully at trial.
However, we also agree with the court below that this is not the end of the inquiry. As that court stated:
Although the child's statements cannot be excluded as hearsay, the statements, like any other evidence, are subject to analysis under section 90.403, Florida Statutes (1989). Thus, the defendant can move for exclusion of the evidence under section 90.403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence."
582 So.2d at 1228 (emphasis added). Thus, although the admission of a child victim's hearsay statement is not excludable as hearsay or as a prior consistent statement *668 under the statute, the admission of the statement is subject to the balancing test found in section 90.403.[6]
Cast in this light, the district courts' decisions in Kopko and Pardo are not totally at odds. Both courts recognize that repetitious admission of prior consistent statements creates special concerns in the prosecution of criminal cases. The courts simply approach the problem from different perspectives. The Kopko court created a categorical rule of exclusion which fails to account for the plain language of the statute, while the Pardo court took account of the mechanism which already existed in the Florida evidence code for excluding the needless or prejudicial presentation of cumulative evidence.
Of course, the same concerns embodied in section 90.403 are those which underlie the common law rule against prior consistent statements. As Wigmore explained:
When the witness has merely testified on direct examination, without any impeachment, proof of consistent statements is unnecessary and valueless. The witness is not helped by it; for, even if it is an improbable or untrustworthy story, it is not made more probable or more trustworthy by any number of repetitions of it. Such evidence would ordinarily be cumbersome to the trial and is ordinarily rejected.
4 John H. Wigmore, Evidence § 1124 (Chadbourn rev. 1972) (emphasis added). The propriety of the rule was also noted by the First District in Allison v. State:
The salutary nature and the necessity of such a rule are clearly apparent upon reflection in cases like the present, for without that rule a witness's testimony could be blown up out of all proportion to its true probative force by telling the same story out of court before a group of reputable citizens, who would then parade onto the witness stand and repeat the statement time and again until the jury might easily forget that the truth of the statement was not backed by those citizens but was solely founded upon the integrity of the said witness. This danger would seem to us to be especially acute in criminal cases like the present where the prosecutrix is a minor whose previous out-of-court statement is repeated before the jury by adult law enforcement officers.
162 So.2d 922, 924 (Fla. 1st DCA 1964) (emphasis added). Finally, as the court in Kopko stated:
By having the child testify and then by routing the child's words through respected adult witnesses, such as doctors, psychologists, [Child Protection Team] specialists, police and the like, with the attendant sophistication of vocabulary and description, there would seem to be a real risk that the testimony will take on an importance or appear to have an imprimatur of truth far beyond the content of the testimony.

577 So.2d at 960 (emphasis added).
Consequently, a trial court must weigh the reliability and the probative value of a child victim's hearsay statement against the danger that the statement will unfairly prejudice the defendant, confuse the issues at trial, mislead the jury, or result in the presentation of needlessly cumulative evidence. In weighing these concerns, the courts will be able to balance the rights of criminal defendants with those of the child victims that the statute seeks to protect.
Accordingly, we approve in part and quash in part the opinion of the court below, disapprove the Fifth District's opinion in Kopko, and remand for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
[2] § 794.011(2), Fla. Stat. (1989).
[3] They were the victim's mother, the victim's elementary school counselors, North Miami Police Department Detective Quartiano, Rape Treatment Center Doctor Karen Simmons, State Attorney Children's Center interviewer Merci Restani, Mental Health Counselor Dawn Bralow, Rape Treatment Center worker Karen Weissman, Child Assault Program worker Terry Vazquez, and Doctor Raquel Bild-Libbin.
[4] Merci Restani, Dawn Bralow, and Dr. Bild-Libbin.
[5] See generally Taylor Mattis, Stare Decisis Among and Within Florida's District Courts of Appeal, 18 Fla.St.U.L.Rev. 143, 155-160 (1990).
[6] Section 90.403, Florida Statutes (1989), provides in relevant part:

Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.