598 So.2d 276 (1992)
Franklin G. ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2316.
District Court of Appeal of Florida, First District.
May 13, 1992.
Kathryn Sands, Jacksonville, for appellant.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
This appeal is from a judgment and sentence for a lewd, lascivious or indecent act on a child under sixteen years of age. Of the seven issues raised, only one warrants *277 discussion in light of the supreme court's recent decision in Pardo v. State, 596 So.2d 665 (Fla. 1992). The issue is whether the trial court erred by allowing the victim's hearsay statements to be admitted into evidence.
The supreme court held that "a trial court must weigh the reliability and the probative value of a child victim's hearsay statement against the danger that the statement will unfairly prejudice the defendant, confuse the issues at trial, mislead the jury, or result in the presentation of needlessly cumulative evidence." Id. at 668. In the instant case, however, the trial court's failure to conduct a section 90.403 analysis of the hearsay testimony is not preserved for review. Accordingly, we affirm.
JOANOS, C.J., concurs.
ZEHMER, J., dissents, with opinion.
ZEHMER, Judge (dissenting).
Anderson appeals his conviction of lewd and lascivious or indecent acts upon a child under 16 years of age. It was alleged, and proof was introduced at trial, that the defendant touched the vagina of the child victim in violation of section 800.04, Florida Statutes (1987).
This is an Anders[1] appeal. After several orders from this court directing appellant's counsel to file an adequate brief, a supplemental brief was filed discussing several issues. Only two of the issues identified in the supplemental brief merit discussion.
First, under point five appellant's brief contends that since the child victim testified at trial, the court erred in also admitting, pursuant to section 90.803(23), Florida Statutes (1989), the child victim's hearsay statements to her mother, the Child Protection Team counselor,[2] the CPT doctor,[3] and the investigating detective because such evidence was cumulative and unduly prejudicial to the defendant's right to a fair trial. In this case direct evidence of the alleged touching came only from the child victim's testimony and the defendant's denial. The other witnesses only reiterated the child victim's hearsay statements to them.
It is now firmly established that merely because such hearsay statements may be properly admitted in evidence under section 90.803(23), the trial court is not relieved of its obligation to determine whether such evidence is nevertheless inadmissible under section 90.403 (because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence"). In Pardo v. State, 596 So.2d 665 (Fla. 1992), the supreme court clarified the correct approach to passing on the admissibility of such hearsay statements found to qualify for admission pursuant to section 90.803(23):
However, we also agree with the court below that this is not the end of the inquiry. As that court stated:
Although the child's statements cannot be excluded as hearsay, the statements, like any other evidence, are subject to analysis under section 90.403, *278 Florida Statutes (1989). Thus, the defendant can move for exclusion of the evidence under section 90.403 "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence."
[State v. Pardo] 582 So.2d 1225 at 1228 [(Fla.App. 1991)] (emphasis added). Thus, although the admission of a child victim's hearsay statement is not excludable as hearsay or as a prior consistent statement under the statute, the admission of the statement is subject to the balancing test found in section 90.403.
Cast in this light, the district courts' decision in Kopko [v. State, 577 So.2d 957, 965 (Fla. 5th DCA 1991)] and Pardo are not totally at odds. Both courts recognize that repetitious admission of prior consistent statements creates special concerns in the prosecution of criminal cases. The courts simply approach the problem from different perspectives. The Kopho court created a categorical rule of exclusion which fails to account for the plain language of the statute, while the Pardo court took account of the mechanism which already existed in the Florida evidence code for excluding the needless or prejudicial presentation of cumulative evidence.
Of course, the same concerns embodied in section 90.403 are those which underlie the common law rule against prior consistent statements. As Wigmore explained:
When the witness has merely testified on direct examination, without any impeachment, proof of consistent statements is unnecessary and valueless. The witness is not helped by it; for, even if it is an improbable or untrustworthy story, it is not made more probable or more trustworthy by any number of repetitions of it. Such evidence would ordinarily be cumbersome to the trial and is ordinarily rejected.
4 John H. Wigmore, Evidence § 1124 (Chadbourn rev. 1972) (emphasis added). The propriety of the rule was also noted by the First District in Allison v. State:

The salutary nature and the necessity of such a rule are clearly apparent upon reflection in cases like the present, for without that rule a witness's testimony could be blown up out of all proportion to its true probative force by telling the same story out of court before a group of reputable citizens, who would then parade onto the witness stand and repeat the statement time and again until the jury might easily forget the truth of the statement was not backed by those citizens but was solely founded upon the integrity of the said witness. This danger would seem to us to be especially acute in criminal cases like the present where the prosecutrix is a minor whose previous out-of-court statement is repeated before the jury by adult law enforcement officers.
162 So.2d 922, 924 (Fla. 1st DCA 1964) (emphasis added). Finally, as the court in Kopko stated:
By having the child testify and then by routing the child's words through respected adult witnesses, such as doctors, psychologists, [Child Protection Team] specialists, police and the like, with the attendant sophistication of vocabulary and description, there would seem to be a real risk that the testimony will take on an importance or appear to have an imprimatur of truth far beyond the content of the testimony.

577 So.2d at 960 (emphasis added).
Consequently, a trial court must weigh the reliability and the probative value of a child victim's hearsay statement against the danger that the statement will unfairly prejudice the defendant, confuse the issues at trial, mislead the jury, or result in the presentation of needlessly cumulative evidence. In weighing these concerns, the courts will be able to balance the rights of criminal defendants with those of the child victims that the statute seeks to protect.
596 So.2d at 667-68.
It was entirely appropriate under the circumstances shown on this record for the *279 child's mother to testify as to what her daughter told her. But I would not hesitate to reverse and remand for a new trial based on the admission of the other witnesses' testimony regarding the child victim's hearsay statements to them as being unduly cumulative and prejudicial, as discussed by the supreme court in the Pardo. The probative value of this evidence did not outweigh the obvious prejudice to the defendant's right to a fair trial and thus violated section 90.403. Indeed, it is apparent from portions of such testimony that the witnesses not only repeated what the child had said but implicitly vouched for the accuracy and truthfulness of those statements. Yet we cannot reach this error on this appeal because counsel for the defendant failed to object or move to strike the testimony on any of the grounds set forth in section 90.403. While I am convinced that this defendant did not receive a fair trial because of this error, the error has not been properly preserved for appellate review on direct appeal, as argued by the state.
Next, appellant's brief argues that the trial court erred in permitting the state to elicit from the child victim on redirect examination, over an appropriate objection by the defense, that on occasion she had seen appellant be mean to and yell at his two children. This testimony was not, in my view, relevant to prove that the child victim was in fear of being beaten by appellant at the time this offense allegedly took place or to rebut her testimony on cross-examination that appellant had never threatened or struck her. This issue was properly preserved for appellate review by appropriate objection below. I am unable to treat the error as harmless on this record in view of the close question on the credibility of the child victim; I cannot say beyond a reasonable doubt that this error did not affect the jury's verdict. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). I would reverse and remand for a new trial.
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] This witness was permitted to testify, without objection, as an expert qualified "in child sexual abuse." The only significant purpose of this witness's testimony, other than to reiterate what the child had told her, was to opine that "based on my background and experience in dealing with sexually abused children that [what this victim had described] was consistent with the child who had been sexually abused."
[3] The state offered the doctor's testimony of the child's hearsay statements pursuant to section 90.803(23), not as statements for purposes of medical diagnosis or treatment pursuant to section 90.803(4), no doubt because there was no medical diagnosis of injury or medical treatment involved. The doctor repeatedly referred to the child as the "victim" and, apart from describing the child's recitation of the occurrence, opined only that he did not expect to find any injury based on what the child had told him, but that his "findings of the examination were consistent with the history that she gave" him because "the literature generally states that 1/3 to 1/2 of childhood sexual molestation does not involve injury so it was very consistent." Despite apparent questions as to the relevancy of this testimony, as well as the cumulative and prejudicial nature of this testimony, defense counsel made no objection on grounds other than lack of trustworthiness under section 90.803(23).