JOANOS, Judge.
Frank Rowland appeals convictions on two counts of capital sexual battery and one count of lewd assault on a child under the age of sixteen. We affirm.
The only witness to the alleged crimes was the victim, K.A., an eleven year-old girl who was six years old when the events were to have taken place. She described the happenings as occurring during the summer of 1989 when she went to Rowland’s home on weekdays to be looked after by Rowland’s granddaughter. Her testimony was that she was left alone with Rowland occasionally and it was during those times that he touched her indecently.
During the trial, the state called two middle-aged women, both great nieces of Rowland, to testify regarding childhood encounters with Rowland. J.B. testified to events approximately thirty-five years before the trial, during monthly visits she made to Rowland’s house. She testified as to numerous occasions when alone with Rowland that he touched her indecently. G.J., ten years older than J.B., testified to an event that had occurred at least forty-two years before the trial when she visited her grandmother’s home when Rowland was present. She described a situation when they were alone together, Rowland placed her hand on his privates. Objections to the testimony of both women were made on grounds of relevance and overruled.
On appeal, Rowland raises five issues. In the first issue raised, Rowland complains that his right to present a defense was unduly hampered by the exclusion of evidence of an instance of sexual activity on the part of the child witness with another child. We do not disturb the trial judge’s ruling that the evidence was irrelevant.
Rowland’s second issue is that the trial court erred by admitting over objection, the testimony by the two great nieces of Rowland about the sexual encounters with Rowland many years earlier when they were children. Once again, we are called upon in this case to examine the law pertaining to the admission of similar fact evidence in cases involving sexual crimes upon children.
*504 In Heuring v. State, 513 So.2d 122 (Fla.1987), the Supreme Court expanded the Williams rule in cases involving sexual crimes committed upon children within the familial situation. In State v. Rawls, 649 So.2d 1350, 1354 (Fla.1994), the Hewring holding was expanded to allow the admission of similar fact evidence in nonfamilial sexual battery cases where the identity of the accused was not in question.
In Saffor v. State, 660 So.2d 668, 672 (Fla.1995), it was made clear, however, that admissibility required more than just that the acts in question had occurred within the relationship. Some “additional showing of similarity” is required. This showing is to be determined on a case by case basis. In Saffor, the Supreme Court determined that the acts in question in that case which involved differences in the ages and gender of the children as well as the times and places where the events occurred were too dissimilar. It was, therefore, held to have been error to admit the evidence.
The standard that has been crafted is unfortunately extremely unwieldy to apply. Our trial judges are being called upon on a case by case basis to determine whether certain alleged sex acts performed by an adult upon one child are sufficiently similar to other sex acts allegedly performed upon another child to meet the standard of admissibility. Hardly an enviable task.
Nevertheless, the trial judge made the required determination in this case. He found the required similarity necessary to admit the evidence. All of the alleged acts involved events that occurred when the victims were visitors at the home where the defendant lived. All of the victims were of the same gender. All of the victims were about the same age at the time of the alleged acts. The types of physical acts alleged to have occurred were quite similar. Under the circumstances of this ease, we affirm the trial judge’s determination on this issue.
Rowland’s third point is that the trial judge erred in failing to strike an unsolicited answer of a state witness. Appellant objected to the testimony of a nurse and “child crisis” expert that K.A. was calm and cooperative and that “she related the story easily, but that is generally how victims of sexual abuse victims (sic) are. Because the child protection team worker makes them feel comfortable and they have told the story before.” We disagree with appellant’s characterization of the statement as improper comment on K.A.’s credibility and uphold the trial judge’s ruling.
Rowland’s fourth issue on appeal was that the judge erred in admitting hearsay statements that mirrored the victim’s in-court testimony. We believe that the decision to admit the evidence was well within the discretion accorded trial judges in weighing the relevancy of evidence admissible under section 90.803(23), Florida Statutes (1993). See Pardo v. State, 596 So.2d 665, 668 (Fla.1992).
Rowland’s final point that the cumulative errors warranted reversal is also rejected.
AFFIRMED.
BOOTH, J., concurs.
BENTON, J., dissents without opinion.