866 So.2d 1236 (2004)
Scott ELLIS, etc., et al., Appellants,
v.
Kay BURK, Melton E. Broom, et al., Appellees.
No. 5D03-371.
District Court of Appeal of Florida, Fifth District.
January 9, 2004.
Rehearing Denied February 27, 2004.
*1237 Richard E. Stadler of Stadler & Harris, P.A., Titusville, and Joseph C. Mellichamp of Carlton Fields, P.A., Tallahassee, for Appellant, Scott Ellis, as Clerk.
Jerry L. Jester of Burrows & Jester, P.A., Merritt Island, for Appellants, Albert C. Notary and Gene Sterling.
Jack A. Kirschenbaum of Gray, Harris & Robinson, P.A., Melbourne, for Appellees.
Joe Teague Caruso of Law Offices of Caruso & Swerbilow, P.A., Merritt Island, for Amicus, Jim Ford, Brevard County Property Appraiser.
PLEUS, J.
This is an appeal from a final judgment entered pursuant to a summary judgment which declares section 5.4 of the Brevard County Home Rule Charter to be inconsistent with Chapters 129 and 200, Florida Statutes, and therefore violative of Article VIII, section 1(g) of the Florida Constitution.
The appeal presents a purely legal question, whether the tax cap provision contained in section 5.4 is inconsistent with Florida law governing the annual consideration and adoption of budgets and millage rates by county commissions. Our review is de novo. See Volusia County v. Aberdeen at Ormond Beach, 760 So.2d 126 (Fla.2000).
Under our state constitution and statutory scheme, the power to limit a county commission's ability to raise revenue for the county's operating needs by way of ad valorem taxation is effectively and exclusively lodged in the legislature. The trial court correctly concluded that section 5.4 of the Brevard County Charter is unconstitutional as being in conflict with Chapters 129 and 200, Florida Statutes, which set forth the statutory framework by which counties are to establish budgets and millage rates. The able trial judge correctly analyzed this matter in entering summary judgment for the plaintiffs below and we adopt, in pertinent part, his order:
Plaintiffs contend that Section 5.4 of the Brevard County Home Rule Charter conflicts with general law and is therefore unconstitutional. Section 5.4 provides, in relevant part:
Brevard County shall not increase its ad valorem tax revenue for operating funds (exclusive of revenues from new construction and improvements) in any one year by more than three percent (3%) or the percentage change in the Consumer Price Index for the previous year, whichever is less, over the ad valorem revenues in the previous year, without approval of a majority of the electors of the County voting thereon at a general election or special election called for purposes of such approval
This Court finds that its decision is controlled[1] by the decision reached by the Second District Court of Appeal in Charlotte County Board of County Commissioners v. Taylor, 650 So.2d 146 (Fla. 2d DCA 1995).

*1238 In Charlotte County, the Second District Court of Appeal found a similar charter provision to conflict with general law and therefore to be unconstitutional. Like Brevard County, Charlotte County is a home rule charter county. In 1992, the voters approved an amendment to the Charlotte County Charter which provided:
The Board of County Commissioners shall not adopt any millage rate which would result in more than three percent (3%) increase in total revenue generated from ad valorem taxes for any year over the total ad valorem taxes for the previous year, nor shall the Board of County Commissioners fail to reduce the millage rate should such action be necessary to ensure that this three percent (3%) limitation takes effect.
Although the wording between the Charlotte County provision and the Brevard County provision is not identical, the intent of the two provisions is almost the same.
In finding the Charlotte County provision to be unconstitutional, the Second District Court of Appeal first noted that Article VIII, Section 1(g) of the Florida Constitution provides that counties operating under county charters shall have all powers of local self-government not inconsistent with general law. The Second District Court of Appeal then found that the Charlotte County Charter amendment was inconsistent with Chapters 129 and 200 of the Florida Statutes. Chapter 129, as adopted by the Florida Legislature, establishes a budget system for each county and sets forth how the budget will be prepared, approved, and adopted. It is the county commission which is given the authority to prepare and approve the budget. Chapter 200 provides for the determination and levy of the tax millage. Again, it is the county commission which is given the authority to set the millage rate.
The Second District Court of Appeal found that Chapters 129 and 200 set forth the exclusive statutory scheme for establishing the budget and the resulting millage rate. A charter provision attempting to limit the statutory authority given by the legislature to county commissions in establishing budget and millage rates was therefore found to be unconstitutional as being inconsistent with general law. In striking down the disputed Charlotte County charter provision, the Second District Court of Appeal acknowledged that the county's voters had approved the amendment. But that Court also noted that a majority of Florida's voters had voted to approve the Florida Constitution and Charlotte County's charter was subject to the provisions of the Florida Constitution.
The Plaintiffs' position is also supported by two other cases and a recent Attorney General's opinion. In Board of County Commissioners of Dade County v. Wilson, 386 So.2d 556 (Fla.1980), the Florida Supreme Court held that a proposed voter initiative to set a county millage rate for Dade County for the 19801981 fiscal year at four mills was unconstitutional as being inconsistent with general law. The Court noted that Chapter 200 granted authority to a county's governing body to set millage rates. Therefore, a county provision which would set the millage rate through an initiative petition process would be inconsistent with Chapter 200 and, accordingly, violative of the Florida constitution. Most significantly, the Supreme Court found that Chapter 200 set forth the exclusive manner by which to set countywide millage rates.
In Board of County Commissioners of Marion County v. McKeever, 436 So.2d *1239 299, (Fla. 5th DCA 1983), the Fifth District Court of Appeal struck down a Marion County ordinance which purported to establish a cap of .25 mills of ad valorem taxes for the county transportation fund for a period of ten (10) years. The Fifth District Court of Appeal found that Chapters 129 and 200 contemplated the annual preparation and adoption of the budget and the setting of millage rates by a county commission. Therefore, one commission could not adopt an ordinance which would limit the authority of a successor commission with respect to the exercise of its taxing power. The Court further stated that such provision would fail even if approved by the voters because it would still conflict with general law and therefore would be unconstitutional.
Finally, in Attorney General Opinion 2001-04, the Florida Attorney General's Office advised the Hillsborough County Board of County Commissioners that it was the Attorney General's opinion that a county could not "amend its charter to place a cap on the annual increase in the county's operating budget with the provision that the cap may be waived by an affirmative vote of at least six of the seven members of the board of county commissioners." After citing to the above-referenced Charlotte County, Dade County, and Marion County cases, the Attorney General's office stated:
The cases discussed above recognize that the Legislature has specified the manner in which county budgets are to be established and provided the exclusive manner by which countywide millage rates are to be set. Nothing in Chapter 129, Florida Statutes, regarding the establishment of a budget, or in Chapter 200, Florida Statutes, regarding the establishment of a millage rate, provides for a cap on the budget that may be overridden by a super-majority vote of county commissioners. To impose such a cap would appear to be contrary to the scheme established by the Legislature in Chapters 129 and 200 Florida Statutes, which places the discretion and decision-making authority in the board of county commissioners.
We would only add that the provision in section 5.4, providing for a referendum to override the ad valorem revenue cap in the event additional ad valorem revenues are deemed necessary by the county commission, directly violates section 125.01(1)(r), Florida Statutes, which provides, inter alia, "There shall be no referendum required for the levy by a county of ad valorem taxes...."
AFFIRMED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] In Florida, a trial court is obligated to follow a decision by an appellate court absent a conflicting decision by the Florida Supreme Court or another appellate court. Pardo v. State, 596 So.2d 665 (Fla.1992). In the present case, there are no Florida supreme court or appellate court decisions which conflict with the Charlotte County decision.