PER CURIAM.
The defendant was convicted of ten counts of sexual battery, four counts of lewd, lascivious, or indecent assault, and nine counts of lewd and lascivious molestation. The defendant now appeals the trial court’s summary denial of his motion for post-conviction relief, which alleged ineffective assistance of counsel. Specifically, he alleges that his counsel should have objected to the physician testimony of the medical director of the child protection team whose physical findings were entirely equivocal and who took the stand for the sole apparent purpose of repeating the child victim’s allegations of sexual abuse. He also alleges that his attorney was ineffective in failing to use a police report in which the Williams[1] rule witness minimized her alleged abuse in seeking to exclude that Williams rule evidence.
We agree with the defendant that his claim that his counsel was ineffective in not seeking to exclude the physician testimony under Florida Statutes section 90.403 is legally sufficient and not conclusively refuted by the record. See Pardo v. State, 596 So.2d 665 (Fla.1992). We also agree that his claim that his counsel was ineffective in not using the police report to seek to exclude the Williams rule evidence is legally sufficient and not conclusively refuted by the record. While it is true that Williams rule issues were addressed on direct appeal, obviously the defendant could not raise his counsel’s failure to utilize the inconsistent police report on direct appeal.
We thus reverse and remand for the trial court to attach portions of the record conclusively refuting these claims or to hold an evidentiary hearing on these issues.

Reversed and remanded.

STEVENSON and MAY, JJ., concur.
WARNER, J., concurs in part and dissents in part.

. Williams v. State, 110 So.2d 654 (Fla.1959).