IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

     Appellant,

v.

CHRISTOPHER L.
CARPENTER,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-6199

Opinion filed February 5, 2015.

An appeal from the Circuit Court for Bay County.
James B. Fensom, Judge.

Pamela Jo Bondi, Attorney General, and Justin D. Chapman, Assistant Attorney General, Tallahassee, for Appellant.

Ross A. Keene of Ross Keene Law, P.A., Pensacola, for Appellee.


ROWE, J.

     The State of Florida appeals the trial court's order granting Christopher Carpenter's motion to suppress evidence found during a warrantless search of his cell phone at the time of his arrest. The trial court concluded, relying on Smallwood v. State, 113 So.3d 724 (Fla. 2013) (Smallwood II), that law enforcement was

required to obtain a search warrant before searching the data and contents of Carpenter's cell phone. However, at the time of the search, Smallwood v. State, 61 So. 3d 448 (Fla. 1st DCA 2011) (Smallwood I), was binding appellate precedent and expressly permitted the warrantless search of a cell phone incident to arrest. Because the search of Carpenter's cell phone was conducted in objectively reasonable reliance on binding appellate precedent, it falls under the good-faith exception to the exclusionary rule. Accordingly, we hold that the trial court erred in granting Carpenter's motion to suppress evidence obtained from the search.

## FACTS

Carpenter was charged with traveling to meet a minor, solicitation of a minor, and transmission of harmful material to a minor. At the time of his arrest, law enforcement officers searched Carpenter and removed a cell phone from his person. Without a warrant, law enforcement officers retrieved from the cell phone images and data, including text messages with sexual content and explicit photos sent by Carpenter to an undercover officer posing as a 14-year-old.

Carpenter filed a motion to suppress, arguing that pursuant to the Florida Supreme Court's opinion in Smallwood II, the warrantless search of Carpenter's cell phone violated the Fourth Amendment. The state argued in response that when Carpenter was arrested, the binding legal precedent in this jurisdiction was this

2

Court's decision in Smallwood I, and the law enforcement officer acted in good faith and under binding appellate precedent when he searched Carpenter's cell phone.

At the suppression hearing, Investigator Williams testified that he was working undercover as an online "chatter" on Craigslist, and Carpenter responded by email to the ad. Investigator Williams' testified that he told Carpenter by e-mail that he was 14 years old, and Carpenter continued to communicate with him by email and text messaging. Investigator Sconiers, the officer who conducted the search of Carpenter's cell phone, testified that the search was based on a concern about the destruction of evidence, explaining that there is a risk that evidence can be lost from a cell phone even if the defendant cannot personally put his hands on the phone itself. Investigator Sconiers also testified that at the time of the search of Carpenter's cell phone he was operating under the authority of this Court's Smallwood I decision. Following the hearing, the trial court granted Carpenter's motion to suppress the cell phone evidence, citing the opinion in Smallwood II.

## ANALYSIS[1]

In Smallwood I, this court held, "[T]he search of appellant's cell phone incident to his arrest was not a violation of the Fourth Amendment." In June 2012, the time of the search in this case, Smallwood I was binding appellate precedent on

---

[1] The issue presented in this case is reviewed de novo. See Connor v. State, 803 So. 2d 598, 605 (Fla. 2001).

3

the issue of cell phone searches. Following the search, however, the Florida Supreme Court quashed Smallwood I, and held in Smallwood II that law enforcement officers are required to obtain a search warrant before searching the contents of a cell phone that has been seized incident to a lawful arrest.

Although Carpenter correctly challenges the legality of the warrantless search of his cell phone based upon Smallwood II,[2] determining the legality of the search does not address the question of whether he is entitled to the remedy of exclusion of evidence obtained from the search. In Davis v. United States, 131 S. Ct. 2419 (2011), the United States Supreme Court held that "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." Id. at 2423-24. Under Davis, where a good-faith exception to the exclusionary rule applies, a defendant is not entitled to the remedy of exclusion of evidence simply because of retroactive applicability of a new law. In Davis, the Court emphasized that the exclusionary rule is not a personal constitutional right, but is instead a "judicially created sanction" to "deter future Fourth Amendment

_____

[2] After Smallwood II, the United States Supreme Court in Riley v. California, --- U.S. ---, 134 S. Ct. 2473 (2014), also held that police officers may not, without a warrant, search digital information on cell phones seized from defendants incident to an arrest. Both Riley and Smallwood II must be applied retroactively "to all cases, state or federal, pending on direct review or not yet final" because those cases set forth new rules of constitutional criminal procedure. See Griffith v. Kentucky, 479 U.S. 314, 328 (1987); Smiley v. State, 966 So.2d 330 (Fla. 2007). However, Riley does not address the application of the exclusionary rule at issue here.

4

violations." Davis, 131 S. Ct. at 2433-34 (quoting Stone v. Powell, 428 U.S. 465 (1976)). The Court stated, "[W]hen binding appellate precedent specifically authorizes a particular police practice, well-trained officers will and should use that tool to fulfill their crime-detection and public-safety responsibilities." Id. Accordingly, the question presented in this case is not whether the evidence obtained from the warrantless search of Carpenter's cell phone should have been suppressed under the exclusionary rule, but whether the evidence was admissible based on the application of the good-faith exception to the exclusionary rule.

At the time of Carpenter's arrest, Smallwood I was the only Florida district court decision addressing the legality of warrantless cell phone searches incident to arrest. In Pardo v. State, 596 So. 2d 665 (Fla. 1992), the Florida Supreme Court held that decisions of a district court of appeal constitute binding appellate precedent and "represent the law of Florida unless and until they are overruled by this Court." Id. at 666. Accordingly, under Pardo, this Court's decision in Smallwood I was binding on all Florida trial courts until it was later reversed in Smallwood II. In conducting the search of Carpenter's phone, the officers acted pursuant to the authority set forth in this Court's decision in Smallwood I. Thus, under Pardo and Davis, it was objectively reasonable for the officers to rely on the binding

appellate precedent of <u>Smallwood I</u> when conducting the warrantless search of Carpenter's cell phone. [3]

Notwithstanding the principles set forth in <u>Davis</u> and <u>Pardo</u>, Carpenter urges this Court to follow the Second District's decision in <u>Willis v. State</u>, 148 So. 3d 480 (Fla. 2d DCA 2014), where the court held that the good-faith exception to the exclusionary rule did not allow for the admission of evidence seized from the warrantless search of the defendant's cell phone. In <u>Willis</u>, as in this case, the search occurred in 2012 after <u>Smallwood I</u>, but before <u>Smallwood II</u>.

Despite the Florida Supreme Court's holding in <u>Pardo</u> that "in the absence of interdistrict conflict, district court decisions bind all Florida trial courts" <u>id.</u> at 666, the majority in <u>Willis</u> questioned whether this Court's <u>Smallwood I</u> decision was binding on law enforcement acting in the Second District. The court added that it was "not convinced that our supreme court intends for one recent decision from another Florida district court of appeal on such a controversial issue to create 'binding precedent,' at least in other districts, for purposes of the good-faith exception as announced in <u>Davis</u>." <u>Willis</u>, 148 So. 3d at 483. Observing

---

[3] Contrary to Carpenter's argument that there was insufficient evidence that law enforcement officers here were actually relying on <u>Smallwood I</u>, the investigator who conducted the search of Carpenter's cell phone testified that he was relying on the law under <u>Smallwood I</u> at the time of the search. Regardless, law enforcement officers are expected to know the law in their jurisdiction and to act in accord with that law.

that Smallwood I was pending review in the Florida Supreme Court at the time of the search at issue in that case, the Willis majority opined that:

> when a Fourth Amendment issue is rapidly evolving, it is hard to justify an approach to the good-faith exception that allows the first defendant to reach the United States Supreme Court to receive the benefit of the exclusionary rule while other defendants in the legal pipeline do not. The equal application of the rule of law would seem to be a principle of our legal system calling for a cautious use of the good-faith exception in situations like the one we face today.

Id. at 483.

This assertion by the Willis majority is unsupported by any authority and is completely at odds with the rule established in Pardo. Indeed as the Willis majority acknowledges, "[t]he rule in Pardo was created to establish consistency within Florida law in light of our unique system in which the intermediate appellate courts are intended to be the normal final courts of review." Id. at 483. If there were any serious doubt as to statewide application of the rule in Pardo, the Florida Supreme Court's reaffirmation of the rule in System Components Corp. v. Florida Department of Transportation, 14 So. 3d 967 (Fla. 2009), settles the question entirely: "In the absence of inter-district conflict or contrary precedent from this Court, it is absolutely clear that the decision of a district court of appeal is binding *throughout Florida*." Id. at 967 (emphasis in original).

Further, the Willis majority's assertion that the good-faith exception should not apply "when a Fourth Amendment issue is rapidly evolving" finds no foundation

7

in Florida law.   As discussed at length by Judge Morris in his dissenting opinion in <u>Willis</u>, the majority in essence "carves out an exception to <u>Pardo</u> for cases involving Fourth Amendment issues." <u>Id</u>. at 488.  We agree with Judge Morris's analysis and find nothing in <u>Pardo</u> or in any controlling authority to preclude its application in a Fourth Amendment case.[4]  Accordingly, we decline to follow <u>Willis</u> or apply its reasoning to this case.

**CONCLUSION**

Because <u>Smallwood I</u> was binding appellate precedent at the time of the search of Carpenter's cell phone, it was objectively reasonable for law enforcement to rely on the authority of that decision.  The search of Carpenter's cell phone falls within the good-faith exception to the exclusionary rule, and thus, the trial court erred in granting the motion to suppress.

REVERSED.

---

[4] <u>Willis</u> is also readily distinguished on the facts.  In <u>Willis</u>, the cell phone was discovered pursuant to an inventory search incident to a traffic stop.   Here, Carpenter's phone was actually used in the commission of the crime for which he was arrested. Carpenter's arrest was based on an undercover investigation where Carpenter was caught communicating via email and text messaging with someone he believed was 14 years old, and then he arranged through the same electronic means to travel to meet that person. The sexual content of the text messages and the explicit photos sent by Carpenter's phone to the undercover officer formed the basis of the charges in this case.  Further, unlike in <u>Willis</u>, here there was testimony that the officer searched the phone based on an imminent concern about the destruction of evidence, in addition to the officer's expressed belief that his search of the cell phone was legal.

THOMAS and OSTERHAUS, JJ., CONCUR.