# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2024-1843
LT Case No. 2022-SC-002207

_____

THE KIDWELL GROUP, LLC d/b/a
Air Quality Assessors a/a/o John
Fortner,

     Appellant,

     v.

CITIZENS PROPERTY INSURANCE
CORPORATION,

     Appellee.

_____

On appeal from the County Court for Seminole County.
Wayne E. Culver, Judge.

Chad A. Barr and Dalton L. Gray, of Chad Barr Law, Altamonte Springs, for Appellant.

Maureen G. Pearcy, of Paul R. Pearcy, P.A., Miami, for Appellee.

December 19, 2025

SOUD, J.

    Appellant The Kidwell Group, LLC d/b/a Air Quality Assessors appeals the trial court's dismissal with prejudice of its complaint filed against Appellee Citizens Property Insurance Corporation for its refusal to pay for an engineering report

prepared for Citizens's insured John Fortner regarding alleged covered losses sustained to his residence. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b)(1)(A). We reverse and remand for further proceedings consistent with this opinion, concluding the trial court erred in its determination that the assignment agreement between Fortner and The Kidwell Group fails to satisfy the requirements of section 627.7152(2)(a)4., Florida Statutes (2021).

## I.

The Kidwell Group's complaint presents relatively straightforward factual allegations. Fortner's residence suffered a loss he contends was covered by his homeowner's insurance policy with Citizens. As a result, Fortner entered an assignment agreement with The Kidwell Group, by which it would provide "assessment services" and prepare an "Engineer Report with Repair Plan" estimated to cost $3,000. The agreement further provided, "[Fortner] & [The Kidwell Group] hereby acknowledge that an itemized per[-]unit cost estimate/invoice has been provided with this contract and is fully incorporated herein." That invoice described the "Product" as an "Engineering Report . . . from State Licensed Professional Engineer", a "Quantity" of "1.00", and a "Total Price" of $3,000.

As assignee of the benefits under Fortner's homeowner's insurance policy, The Kidwell Group submitted this invoice to Citizens, which denied payment. As a result, The Kidwell Group filed suit, claiming that Citizens breached its insurance agreement with Fortner by failing to pay for the engineer report. Pertinent here, Citizens ultimately moved to dismiss the action, arguing that the assignment agreement was invalid because it failed to comply with section 627.7152(2)(a)4., which requires an assignment agreement "[c]ontain a written, itemized, per-unit cost estimate of the services to be performed by the assignee."[1]

---

[1] In 2022, section 627.7152 was amended such that the requirement of a written, itemized, per-unit estimate is now found in section 627.7152(2)(a)5., Florida Statutes (2022).

2

The trial court first denied Citizens's motion. However, upon granting rehearing, a successor judge reversed his predecessor's decision, granted Citizens's motion, and dismissed the action with prejudice, concluding the assignment agreement was invalid and unenforceable because the "Assignment Agreement fails to contain the required itemized, per[-]unit cost estimate as part of the Assignment Agreement, or otherwise sufficiently described as to incorporate same in the Assignment Agreement."

This appeal followed.

## II.

We review de novo the trial court's dismissal of The Kidwell Group's case. *See Kidwell Grp. LLC v. Fla. Farm Bureau Cas. Ins. Co.*, 348 So. 3d 1239, 1241 (Fla. 2d DCA 2022).

Section 627.7152(2) sets forth numerous requirements governing agreements[2] assigning post-loss benefits under a residential property insurance policy. Pertinent here, the agreement must "[c]ontain a written, itemized, per-unit cost estimate of the services to be performed by the assignee." § 627.7152(2)(a)4., Fla. Stat. (2021). Without providing any substantive analysis leading to its decision, the successor trial judge concluded that the agreement and invoice before us failed to satisfy this statutory requirement. And here, the trial court erred.

The assignment agreement identified the single product of an engineer report with repair plan. The incorporated invoice further detailed one "Engineer Report from State Licensed Professional Engineer" for the cost of $3,000. As a result, the agreement and the incorporated invoice plainly comport with the dictates of section 627.7152(2)(a)4.

---

[2] "'Assignment agreement' means any instrument by which post-loss benefits under a residential property insurance policy or commercial property insurance policy . . . are assigned or transferred, or acquired in any manner, in whole or in part, to or from a person providing services . . . ." § 627.7152(1)(b), Fla. Stat.

Our conclusion is consistent with prior decisions of our sister courts from the Third and Fourth districts. In *Kidwell Group, LLC v. SafePoint Insurance Co.*, 376 So. 3d 48, 51–52 (Fla. 4th DCA 2023), the Fourth District determined that identical language within The Kidwell Group's assignment agreement and incorporated invoice was "sufficiently detailed" to comply with section 627.7152(2)(a).

Notwithstanding this binding[3] precedent from the Fourth District, the trial court declined to follow *SafePoint* and dismissed the case with prejudice. The trial court provided no reason it believed *SafePoint* was distinguishable; and, indeed, none exists. The agreement and invoice in *SafePoint* involved this very same Appellant and the very same contractual language and incorporated invoice for an engineering report with repair plan.

Further, after the trial court's ruling in this case, the Third District embraced the Fourth's reasoning in *SafePoint* in reaching the same result. In *Kidwell Group, LLC v. Southern Oak Insurance Co.*, 410 So. 3d 1277 (Fla. 3d DCA 2025), the court determined that the assignment agreement and invoice from The Kidwell Group, which was "identical in all material respects to the assignment of benefits" in *SafePoint*, satisfied the edicts of section 627.7152(2)(a). 410 So. 3d at 1279–80 (analyzing *SafePoint*, and citing *MVP Plumbing, Inc. v. Citizens Prop. Ins. Corp.*, 359 So. 3d 885 (Fla. 3d DCA 2023)).

We now join our sister courts and conclude The Kidwell Group's assignment agreement with Fortner, including the incorporated invoice, complies with the dictates of the statute. As such, the successor trial judge erred in dismissing this case.

---

[3] *SafePoint* squarely addressed the factual and legal issues presented to the successor judge in this case. As a result, we emphasize that because there was no contrary authority from this Court or any other district court, the successor trial judge was bound by the Fourth District's decision in *SafePoint*. *See Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992) ("[I]n the absence of interdistrict conflict, district court decisions bind all Florida trial courts.").

## III.

Accordingly, we REVERSE the trial court's dismissal of The Kidwell Group's complaint and REMAND the case for further proceedings consistent with this opinion.

It is so ordered.

HARRIS, J., and BLOCKER, L.P., ASSOCIATE JUDGE, concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____