418 So.2d 416 (1982)
Jimmy Monroe HARRIS, Appellant,
v.
STATE of Florida, Appellee.
No. AH-229.
District Court of Appeal of Florida, First District.
August 19, 1982.
Rehearing Denied September 10, 1982.
P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
PER CURIAM.
Jimmy Monroe Harris appeals a judgment finding him guilty of attempted lewd assault upon a child under the age of 14, and sentence of five years imprisonment. Harris first contends that the trial court erred in denying his requested jury instruction on the defense of voluntary intoxication, as lewd assault is a specific intent crime. We disagree. Proof of specific intent is not generally an element of an offense unless specifically required by statutory language. E.g., Russell v. State, 373 So.2d 97 (Fla. 2d DCA 1979); State v. Shorette, 404 So.2d 816 (Fla. 2d DCA 1981). *417 The applicable language in Section 800.04, Florida Statutes, defining lewd assault,[1] does not include the word "intentionally" or any other specific reference to the perpetrator's intent. Absent such language, it is well settled that the requisite intent may be inferred from the doing of the act constituting the offense. See, Askew v. State, 118 So.2d 219 (Fla. 1960). Therefore, since lewd assault on a child under the age of 14 is not a specific intent crime, the trial court properly denied the requested jury instruction on voluntary intoxication. Harris's conviction is affirmed.
Harris correctly asserts, however, that the uniform judgment form must be corrected to reflect that he was convicted of attempted lewd assault rather than lewd assault as charged. Accordingly, we remand for correction of the judgment form to reflect a conviction for attempted lewd assault.
BOOTH, WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] Section 800.04, Florida Statutes, provides as follows:

Any person who shall handle, fondle or make an assault upon any child under the age of 14 years in a lewd, lascivious or indecent manner, or who shall knowingly commit any lewd or lascivious act in the presence of such child, without the intent to commit sexual battery shall be guilty of a felony of the second degree, punishable as provided in 775.082, s. 775.083, or s. 775.084. (emphasis added)
The underscored language is applicable to the facts of this case.