PER CURIAM.
Appellant appeals his conviction for possession of cocaine.
Appellant moved in limine to exclude a portion[1] of his responses to the police when being advised of his Miranda rights. The trial judge denied the motion, finding the disputed part had a bearing on the issue of voluntariness (an issue never raised by the appellant).
We find the probative value of having the jury hear “he has been arrested before, he’s on probation” is substantially outweighed by the danger of unfair prejudice. § 90.403, Fla.Stat. (1987). Because the state candidly admits there is little evidence other than the confession to link the appellant to the crime charged, this court cannot find such error to be harmless. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
Accordingly, we reverse the judgment and sentence, and remand for a new trial.
GUNTHER, STONE And GARRETT, JJ., concur.

. "Okay, after that I asked him, do yoú understand each of these rights I have explained to you? And he said yes that he has been arrested before, he’s on probation.”