552 So.2d 262 (1989)
Thor BERGEN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02611.
District Court of Appeal of Florida, Second District.
November 8, 1989.
*263 James Marion Moorman, Public Defender, and Megan Olson, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from his convictions for five counts of a lewd and lascivious act committed in the presence of a child in violation of section 800.04, Florida Statutes (1987). Section 800.04(3) provides that one is guilty of a felony of the second degree who "knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years." We affirm.
Defendant's first contention is that the trial court erred in denying his motion for a judgment of acquittal as to four of the five counts because the five counts all arose from his having masturbated in the presence of five children. He argues, inter alia, that there was but a single act committed by him at one time at one place. He cites Hearn v. State, 55 So.2d 559 (Fla. 1951) (theft of eleven cattle belonging to different owners constituted one larceny). Defendant's argument is persuasive, but we are persuaded to affirm by the recognition in Judge Booth's partially concurring and partially dissenting opinion in Lifka v. State, 530 So.2d 371, 377 (Fla. 1st DCA 1988), that "section 800.04, Florida Statutes, was specifically designed to protect children under the age of sixteen." Thus, we agree with the argument of the state that five different crimes were committed. See also McClain v. State, 383 So.2d 1146 (Fla. 4th DCA), rev. denied, 392 So.2d 1376 (1980) (pointing a knife at two persons constitutes two different assaults).
Defendant's second contention is that the trial court erred in refusing defendant's request for a jury instruction on voluntary intoxication which is a defense to a specific intent crime. However, we agree with the trial court that the statutory language which we have quoted above does not proscribe a specific intent crime. It does not "prohibit an act when accompanied by some intent other than the intent to do the act itself or the intent (or presumed intent) to cause the natural and necessary consequences of the act." Linehan v. State, 442 So.2d 244, 247 (Fla. 2d DCA 1983), aff'd, 476 So.2d 1262 (1985). Nor does the statute require "a subjective intent ... to cause a result in addition to that which is substantially certain to result from a statutorily prohibited act." Id. at 248. We conclude that the crime is a general intent crime. Harm resulting from the statutorily prohibited conduct appears to have been presumed to have been intended by a person who engages in that conduct. Id. at 247. For present purposes we attribute no significance to the inclusion of the word "knowingly" in the statute. Id.
Affirmed.
DANAHY, A.C.J., and FRANK, J., concur.