575 So.2d 1321 (1991)
Francisco HERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2144.
District Court of Appeal of Florida, Fourth District.
February 20, 1991.
Rehearing and Certified Question Denied April 4, 1991.
*1322 Douglas N. Duncan of Wagner, Nugent, Johnson, Roth, Romano, Eriksen and Kupfer, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John M. Koenig, Jr., Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
The appellant, Francisco Hernandez, appeals his convictions for two counts of lewd act and one lewd assault. He contends that the trial court erred by allowing opinion testimony as to the victim's veracity, allowing testimony of a prior act of similar misconduct, failing to correctly instruct the jury on lewd assault, and denying his new trial motion to vacate one of the two lewd act convictions. We agree and reverse.
The victims, two girls, ten and eleven-years-old, were playing in a public library garden. Both girls testified that the appellant, a gardener, exposed his penis and masturbated in front of them. They additionally testified that Hernandez lifted up one of the girl's shirts and fondled her breasts. The state charged Hernandez with one count of lewd assault by fondling a child's breasts and two counts of lewd act by exposing himself and masturbating in front of the two girls. At trial, the trial court allowed two police officers and one teacher to testify as to the victim's truthfulness. Additionally, the trial court admitted testimony that another child observed Hernandez attempt to fondle one of the victim's breast the prior spring. Hernandez testified that the allegations were false and that he knew the girls because he frequently chased them out of the garden.
We agree with Hernandez's assertion that trial court erred in allowing opinion testimony as to the victim's veracity. A witness invades the jury's exclusive province when that witness gives his or her personal views of the creditability of any other witness. Boatwright v. State, 452 So.2d 666, 668 (Fla. 4th DCA 1984). In the instant case, the cumulative effect of two police officers and one teacher's testimonies that the victims' accusations were truthful invaded the province of the jury and brought legitimacy to those accusations. This court cannot say beyond a reasonable doubt that this error did not affect the jury's verdict and thus, we cannot say this was harmless error. The testimony, compounded by the witnesses' authoritative positions, outweighed Hernandez's lack of objection. State v. DiGuilio, 491 So.2d 1129 (Fla. 1989). Hernandez correctly contends that the trial court erred by allowing the state to cross-examine him as to an alleged prior act of similar misconduct and *1323 allowing another witness to testify to the act in rebuttal. Contrary to the state's assertion, defense counsel did not open the subject of any prior acts of misconduct. Thus, cross-examination of the defendant on this issue should not have been allowed.
According to the court in Fuente v. State, 549 So.2d 652 (Fla. 1989), a witness cannot be impeached with regard to a matter brought out on cross-examination which is collateral and immaterial to the issue at trial by any form of impeachment including contradictory testimony by another witness. Thus, in the instant case, since the state was attempting to impeach the defendant's testimony procured through his impermissible cross-examination, the impeachment testimony on the prior acts of similar misconduct was likewise inadmissible. Accordingly, the impeachment testimony of the rebuttal witness, Rebecca Stone, was erroneously admitted.
We also conclude that the trial court committed fundamental error in failing to correctly reinstruct the jury on lewd assault. The state concedes that the trial court's initial instruction incorrectly combined both lewd act and lewd assault. But, the defense counsel waived any objection to the initial instruction and requested the trial court not to reinstruct the jury. However, after the initial instruction, the jury requested a reinstruction on lewd assault. Thereafter, the trial court instead of instructing the jury as to lewd assault instructed them only as to lewd act. Fundamental error occurs "only when an omission or error in the definition of a crime is pertinent or material to what must actually be considered by the jury in order to convict." Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983). The failure to give a completed and accurate instruction is fundamental error, reviewable in the absence of an objection. Carter v. State, 469 So.2d 194 (Fla. 2d DCA 1985). In the instant case, the trial court's initial instruction was misleading as evidenced by the jury's request for a reinstruction. In reinstructing the jury, the trial court compounded its error with an inaccurate instruction. Since an inaccurate instruction is both fundamental and reversible error, we reverse the trial court and remand for a new trial.
We find Lifka v. State, 530 So.2d 371 (Fla. 1st DCA 1988) as persuasive authority for reversing one of the two lewd act convictions. The First District, in Lifka, indicated in footnote one:
One reason for charging assault under section 800.04(1) rather a lewd act under section 800.04(3) may be that a charge of lewd assault focuses on the person assaulted so that a separate charge would lie as to each victim on both occasions, supporting a total of four felony charges; whereas a charge of committing a lewd act in the presence of a child focuses on the commission of the lewd act whether in the presence of one or more children, thus, limiting the number of offenses that could be charged to one count for each separate incident. (emphasis supplied)
Cf. Bergen v. State, 552 So.2d 262 (Fla. 2d DCA 1989). Thus, it is entirely possible for one individual to receive a charge of lewd assault and a charge of lewd act for one lewd incident. It is further well-reasoned that separate charges of lewd assault can be presented for the number of victims present at one lewd incident. Likewise, charges of lewd act relate to the number of lewd incidents occurring. Thus, only one charge of lewd act can lie as to one lewd incident. In the instant case, the two lewd act charges go to Hernandez's single act of masturbating in front of the two children. Following the clear reasoning of Lifka, we reverse one of the lewd act convictions and remand to the trial court to vacate the conviction and sentence.
In conclusion, we hold that the cumulative effect of the errors presented denied appellant a fair trial and accordingly warrants a new trial. Ryan v. State, 457 So.2d 1084 (Fla. 4th DCA 1984), rev. denied, 462 So.2d 1108 *1324 (Fla. 1985); Bowles v. State, 381 So.2d 326 (Fla. 5th DCA 1980).
REVERSED AND REMANDED FOR A NEW TRIAL.
GUNTHER J., and SHAHOOD, GEORGE A., Associate Judge, concur.
POLEN, J., concurs in part, dissents in part with opinion.
POLEN, Judge, concurring in part and dissenting in part.
I concur with all of the majority opinion except the issue pertaining to whether the appellant could properly be convicted of two lewd acts under the facts presented. I would reject the first district's holding in Lifka v. State, 530 So.2d 371 (Fla. 1st DCA 1988), and follow instead the second district's holding in Bergen v. State, 552 So.2d 262 (Fla. 2d DCA 1989). Accordingly, I would affirm appellant's conviction for two counts of lewd acts, but for the other errors which require reversal and remand for a new trial.