596 So.2d 669 (1992)
STATE of Florida, Petitioner,
v.
Martin David KOPKO, Respondent.
No. 77887.
Supreme Court of Florida.
March 26, 1992.
Robert A. Butterworth, Atty. Gen. and Judy Taylor Rush, Asst. Atty. Gen., Daytona Beach, for petitioner.
Christopher A. Grillo, P.A., Ft. Lauderdale, for respondent.
BARKETT, Justice.
We have for review Kopko v. State, 577 So.2d 956, 963 (Fla. 5th DCA 1991), in which the district court certified the following question of great public importance:[1]
In a case in which the child victim of a sexual offense testified fully and completely at trial as to the offense perpetrated upon him or her, can it constitute reversible error to admit, pursuant to section 90.803(23), Florida Statutes [1989], prior, consistent out-of-court statements of the child which were cumulative to the child's in-court testimony or merely bolstered it?
We disapproved the district court's opinion in Kopko in Pardo v. State, 596 So.2d 665 (Fla. 1992). We therefore quash the opinion below on the certified question, and remand for proceedings consistent with our decision in Pardo.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.