596 So.2d 671 (1992)
STATE of Florida, Petitioner,
v.
Francisco HERNANDEZ, Respondent.
No. 77834.
Supreme Court of Florida.
April 2, 1992.
Robert A. Butterworth, Atty. Gen., and Joan Fowler, Sr. Asst. Atty. Gen., Chief, Criminal Law, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for petitioner.
Douglas N. Duncan of Wagner, Nugent, Johnson, Roth, Kupfer & Rossin, P.A., West Palm Beach, for respondent.
McDONALD, Justice.
We review Hernandez v. State, 575 So.2d 1321 (Fla. 4th DCA 1991), because it conflicts with Bergen v. State, 552 So.2d 262 (Fla. 2d DCA 1989). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. The issue we address is: When an individual commits a single act of lewd behavior in front of more than one child, can that person be charged with and convicted of a separate count of lewd act for each child present? We answer the question in the negative, approve the decision under review, and disapprove Bergen.
Two girls, ten and eleven years old, claimed that Hernandez exposed himself and masturbated in front of them and that he lifted up one of the girls' shirt and fondled her breasts. The State charged Hernandez with one count of lewd assault by fondling a child's breasts and two counts of lewd act by exposing himself and masturbating in front of the two girls. The jury convicted Hernandez on all three counts as charged.
On appeal the district court reversed Hernandez' convictions and held, among other things,[*] that he could not be convicted *672 of and sentenced for two counts of lewd act based upon a single incident of improper behavior in front of two children. Bergen, on the other hand, allowed five convictions under subsection 800.04(3), Florida Statutes (1987), when the defendant masturbated in the presence of five children. We disagree with Bergen.
Section 800.04, Florida Statutes (1987), provides:
Any person who:
(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;
(2) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or
(3) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years without committing the crime of sexual battery is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section.
As observed in Lifka v. State, 530 So.2d 371, 373 n. 1 (Fla. 1st DCA 1988):
One reason for charging assault under section 800.04(1) rather [than] a lewd act under section 800.04(3) may be that a charge of lewd assault focuses on the person assaulted so that a separate charge would lie as to each victim on both occasions, supporting a total of four felony charges; whereas a charge of committing a lewd act in the presence of a child focuses on the commission of the lewd act whether in the presence of one or more children, thus limiting the number of offenses that could be charged to one count for each separate incident.
The size of the audience or the number of witnesses should not determine the number of allowable convictions under subsection 800.04(3); rather, the number of distinct lewd acts should be determinative. In this case Hernandez allegedly committed one lewd act, not two. The fact that two minor girls observed it does not make the single act two crimes.
We believe that the legislature intended that a lewd act, though seen by more than one person, be one crime and subject to only one conviction. We approve the decision under review.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[*] Hernandez has been granted a new trial, and thus we do not find it necessary to address the district court's handling of the instruction issue.