PER CURIAM.
Based on the controlling authority of State v. Hernandez, 596 So.2d 671 (Fla.1992), we reverse the judgment of conviction and sentence on count II of the information imposed below against the defendant Faustino Alfonso for lewd and lascivious act in the presence of a minor [§ 800.04, Fla.Stat. (1989) ]. The law is clear that where, as here, an individual commits a single act of lewd behavior in violation of the above statute in front of more than one child, such person can only be convicted of a single violation of the statute; multiple violations of the statute for each child present are prohibited where only a single act of lewd behavior occurs. Hernandez.[1] We reject, however, the balance of the defendant’s points on appeal.
The final judgment of conviction and sentence of thirty-years imprisonment on count I of the information is affirmed; the final judgment of conviction and sentence of thirty-years imprisonment on count II of the information is reversed and the cause is remanded to the trial court with directions to discharge the defendant from this conviction and sentence.
Affirmed in part; reversed in part.

. The state, with commendable candor, cited the Hernandez case in its answer brief and conceded that the defendant "should have been convicted of only one count of lewd behavior in the presence of a minor....” State's brief at 7 n. 2. Rule 4-3.3(a)(3) of the Rules Regulating the Florida Bar requires a lawyer to disclose to the court "legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.”