646 So.2d 231 (1994)
Jerry Dean BELCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1653.
District Court of Appeal of Florida, Fifth District.
October 21, 1994.
Rehearing Denied December 2, 1994.
Kirk N. Kirkconnell and David A. Henson of Kirkconnell, Lindsey & Snure, P.A., Winter Park, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Barbara C. Davis and Steven J. Guardiano, Asst. Atty. Generals, Daytona Beach, for appellee.
THOMPSON, Judge.
We have reviewed Jerry Dean Belcher's pending motions and have considered them as a motion for clarification filed pursuant to Florida Rule of Appellate Procedure 9.330. We grant the motion for clarification, withdraw our previous opinion and substitute the following.
Jerry Dean Belcher appeals his convictions on 12 counts of lewd acts upon a child[1] and one count of sexual activity with a child.[2] Belcher was sentenced to 17 years in the Department of Corrections on the charge of sexual activity with a child and 12 years on each count of lewd acts upon a child, with all sentences to run concurrently. We affirm the convictions and the sentences.

FACTS
Belcher was arrested on 10 February 1992 after his minor daughter reported that he had engaged in sexual improprieties with her from June 1989 through August 1990. The state presented testimony from six witnesses relevant to this appeal: the victim, Belcher's daughter; her friend; her friend's mother; *232 her aunt; her uncle; and a physician from the Child Protection Team. The victim testified that Belcher had fondled her vaginal area approximately once per month for five months beginning in January of 1989. She then testified that he progressed to a monthly fondling of her breasts and vaginal area during most of the following months between June 1989 and June 1990. His acts culminated in frequent digital penetration of her vagina in May, June and July of 1990 and ended with an act of simulated sexual intercourse on 4 August 1990. The last act prompted her to move into her aunt and uncle's home.
She testified that she had told her friend and her friend's mother about Belcher's actions when they occurred, but no one else. She also testified that she told her aunt and uncle what happened. The final witness presented by the state was a doctor from the Child Protection Team who testified as to the child's physical condition as determined by a medical examination. He testified that the child had small "notches" in the hymenal tissue consistent with repeated digital penetration and inconsistent with an injury caused by a tampon.
Prior to the trial beginning, Belcher moved to exclude hearsay statements made by the victim to other witnesses and requested that the state be required to proffer any possible hearsay statements outside the jury's presence because these statements would not qualify as early outcry, pursuant to section 90.803(1), (2) or (3), Florida Statutes (1991). The state agreed to proffer any statements before they were admitted. During the trial, however, the court allowed the witnesses to testify to statements made to them by the victim about Belcher's behavior. There was no proffer made outside the presence of the jury. The defense objected repeatedly to this testimony.
The defense also objected to testimony from the victim's aunt that after the victim came to live with them, she would awake in the night screaming "Daddy, get away from me. Daddy, don't do that. Stop." The defense objected to this testimony as hearsay and irrelevant to any legitimate issue in the case. The trial court overruled the objection and allowed the witness to testify. Although the defendant requested a proffer outside the presence of the jury, again, the request was denied. Belcher elected not to put on any witnesses or evidence after the state rested its case.
Belcher was convicted and timely appeals. On appeal, Belcher argues that the requested instruction on voluntary intoxication should have been given as to all counts. The trial court gave the instruction as to the lesser included offenses, but Belcher urges this court to determine that the affirmative defense of voluntary intoxication should have been given as to the primary offenses also.

POINTS ON APPEAL
Belcher raises three issues for appellate review. The first issue concerns the admissibility of hearsay evidence without a proffer being offered outside the presence of the jury in derogation of section 90.803(23), Florida Statutes (1991). The second issue is whether the trial court erred in allowing the victim's aunt to testify that the victim screamed in the night and to the words she screamed. The final point on appeal is whether the trial court erred in limiting the defendant's requested jury instructions on the affirmative defense of voluntary intoxication to only the lesser included offenses of battery and assault instead of giving the voluntary intoxication instruction on all counts.

A. THE VICTIM'S PRIOR CONSISTENT STATEMENTS
The Florida supreme court in Pardo v. State, 596 So.2d 665 (Fla. 1992) and State v. Kopko, 596 So.2d 669 (Fla. 1992) held that a child's hearsay statements may be admissible when the statements qualify under the statutory exception of section 90.803(23), Florida Statutes (1991). However, the trial court must weigh the reliability and the probative value of the statements against the danger that the statements may unfairly prejudice the defendant, confuse the issues, mislead the jury or result in the presentation of needless cumulative evidence. Thus, the state may present hearsay testimony as long as the balancing test in Pardo and Kopko has been met.
In this case, it is conceded that the trial court did not conduct a hearing outside the presence of the jury as required by section 90.803(23), Florida Statutes (1991). The *233 state argues, however, that the statements were not hearsay because they were not offered to prove the truth of the matter asserted, i.e., that the defendant abused the victim. The statements by the four witnesses were offered to rebut the inference that the victim did not disclose the abuse or that the disclosure of the abuse was at a later time than that to which the victim testified. The trial court ruled that the testimony of the four witnesses was properly admitted because the testimony was not hearsay. The court ruled that because the defendant had cross-examined the victim and had questioned the victim's veracity, the testimony of the four witnesses regarding prior consistent statements of the victim was not offered to prove the truth of the matter asserted, but to show that the victim reported the abuse to friends and family contemporaneously with the abuse occurring. The trial court was correct. This testimony is not hearsay[3] under section 90.801 which provides:
(2) A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement and the statement is:
.....
(b) Consistent with [t]his testimony and is offered to rebut an express or implied charge against [the declarant] of improper influence, motive, or recent fabrication;...
§ 90.801(2)(b), Fla. Stat. (1991). Because Belcher attacked the victim's testimony regarding when the abuse began, thus implying the testimony was a recent fabrication, the objected to testimony was relevant and properly admitted to counter the defendant's line of questioning. See Anderson v. State, 574 So.2d 87 (Fla.), cert. denied, 502 U.S. 834, 112 S.Ct. 114, 116 L.Ed.2d 83 (1991); Nussdorf v. State, 508 So.2d 1273 (Fla. 4th DCA 1987).

B. ADMISSION OF EVIDENCE THAT THE VICTIM SCREAMED IN THE NIGHT
The defendant next argues that the admission of the evidence that the victim screamed in the night was reversible error because the testimony was irrelevant and prejudicial. The state argues this evidence was relevant because it showed the victim's state-of-mind and was proper rebuttal to the inference raised by the defendant that the sexual abuse was fabricated by the victim.
This court notes that there are no Florida cases on the admissibility of statements made while the declarant is sleeping. Other jurisdictions which have reviewed this issue are split. See Jay M. Zitter, Annotation, Admissibility of Evidence Concerning Words Spoken While Declarant was Asleep or Unconscious, 14 A.L.R. 4th 802 (1982 & Supp. 1992). Two contradictory rationales have guided courts in considering this question. Courts finding such evidence inadmissible reason that sleep statements are wholly unreliable because they are simply utterances made without reasoning. See Plummer v. Ricker, 71 Vt. 114, 41 A. 1045 (1898). Other courts, finding such statements admissible, have reasoned that, since the sleeping people have no opportunity to falsify a statement, they may be particularly apt to be truthful. See 14 A.L.R. 4th at 804.
We need not dispose of this issue on its merits because, even assuming that it was error to admit the testimony, the admissibility of this evidence was harmless error. See State v. DiGuilio, 491 So.2d 1129 (Fla. 1986). The victim was 14 years of age at the time she testified. She was examined and cross-examined by the state and the defendant. She was available to explain the abuse, when it occurred and how it occurred. Because there was no question of identity, the jury was left with the issue of credibility of the witnesses. Evidently, the jury believed the victim. Admissibility of the evidence in light of the direct testimony of the victim was harmless error. Id.

C. THE APPLICATION OF THE VOLUNTARY INTOXICATION DEFENSE
Belcher requested that the jury be instructed on the defense of voluntary intoxication *234 as to all charges. The trial court did give the instruction on the defense as to the lesser included offenses of battery and assault, but not as to the primary charges. The court reasoned that the primary offenses were general intent crimes and the affirmative defense of voluntary intoxication applies only to specific intent crimes. See Bergen v. State, 552 So.2d 262 (Fla. 2nd DCA 1989), disapproved of on other grounds, State v. Hernandez, 596 So.2d 671 (Fla. 1992); see also Harris v. State, 418 So.2d 416 (Fla. 1st DCA 1982), review denied, 426 So.2d 26 (Fla. 1983) (attempted lewd assault upon a child is not a specific intent crime for which a jury instruction on defense of voluntary intoxication need be given). The trial court was correct in its ruling. See Gardner v. State, 480 So.2d 91 (Fla. 1985); Linehan v. State, 476 So.2d 1262 (Fla. 1985). We reject Belcher's appellate counsel's argument that the affirmative defense of voluntary intoxication should be extended to general intent crimes. Further, the trial judge gave the instruction on the lesser included offenses as requested by Belcher's trial counsel. For these reasons, we affirm the convictions and the sentences imposed.
AFFIRMED.
HARRIS, C.J., and PETERSON, J., concur.
NOTES
[1] § 800.04(1), Fla. Stat. (1991).
[2] § 794.041(2)(b), Fla. Stat. (1991).
[3] See generally, John Henry Wigmore, Evidence, § 1362 (Chadbourne Rev. 1974); Charles W. Ehrhardt, Florida Evidence, § 801.4 (1983 ed.).