THOMPSON, Judge.
Bruce G. Petersen appeals his judgments and sentences for three counts of lewd and lascivious act in the presence of a child under the age of 16.[1] Although several points are raised on appeal, one is dispositive, thus, we reverse for a new trial.[2]
Petersen was found guilty of the charges because he exposed himself to three minor *224 boys, M.J.R., M.R.R., and G.B.R.[3] Petersen was a Mend of the family of two of the boys, M.R.R. and G.B.R. After having dinner together at Petersen’s home, Petersen, who was 41 years old at the time, took the three boys back to his bedroom to wrestle. Petersen had a black light and a strobe light which he turned on to show the boys how his bathing suit glowed in the dark. At some point in the evening, Petersen decided to change clothes. The three boys testified that somehow Petersen’s penis was in M.J.R.’s hand and he was leading Petersen around the room and either Petersen or M.J.R. described this action as “walking the doggie.” When M.R.R. and G.B.R.’s father came to see what was going on in the bedroom because he saw the strobe fight flashing, he could not enter the room because something was blocking the door. Petersen and the three boys exited the room a short time later.
Petersen was arrested about three weeks later when the mother of M.R.R. and G.B.R. found out what happened. During a conversation with her son, she found out that Petersen had shown his “privates” to the boys. All the boys testified at trial that M.J.R. had his hand on Petersen’s penis. There were inconsistencies about how it occurred and who initiated the contact, either Petersen or the child. During the trial, Petersen testified that M.J.R. started grabbing and slapping at him while he was changing from his swimsuit to dry clothes. Petersen said that M.J.R. was playing tug of war with Petersen’s underwear and said something about “walking a dog” during this time. He also said he was sitting behind the door tying his shoes when the father of the boys tried to get into his room and the door hit him in the head. He said that' M.J.R. was preventing him from getting dressed. He denied that any of the boys held onto his penis.
The most damaging evidence introduced against Petersen was a videotaped interview of the boys conducted by a member of the Child Crisis Center. During the interview, the boys discussed what happened in Petersen’s room. They also discussed events involving other boys and other dates and times for which Petersen was not prosecuted. The jury heard the boys mention that Petersen may have done something to another boy; that Petersen had a picture of G.B.R.’s cousin’s butt; that Petersen checked the “balls” of G.B.R. for ticks while they were on a camping trip; that Petersen engaged in sexual activity with another man and a woman where they used oil on Petersen’s “dingdong” and the hair fell off; that Petersen was gay; that Petersen threatened to get a child if the child told about the allegedly improper conduct; and that Petersen had guns and dildoes in his home. The boys also discussed the suicide death of another child. Finally, the jury heard the interviewer opine that Petersen had problems based upon his interview of the three boys and with no other information.
Prior to the trial, in response to state motions, Petersen’s attorney scheduled a motion in limine and a motion to strike hearsay testimony the state had moved to introduce. Petersen sought to preclude admission of portions of the videotaped interviews. He alleged that the videotape contained hearsay statements about collateral crimes for which he was never charged. Also, by presenting opinion evidence that Petersen had problems, the state attempted to invade the province of the jury to ensure his conviction. The trial judge denied his motions. Petersen renewed his motions before trial, objected during the trial and moved for a mistrial as the videotape was being offered. After reviewing the videotape, we agree that portions of the videotaped interview should have been redacted before it was shown to the jury. The trial court erred when it failed to do so. There are several reasons for our ruling.
The state’s use of hearsay testimony was improper. Although styled as Williams rule evidence,[4] the testimony was used to show Petersen’s bad character and his propensity to victimize young boys. It was not used in the ease sub judice because it was *225 probative of a material issue. Bryan v. State, 533 So.2d 744, 746 (Fla.1988), cert. denied, 490 U.S. 1028, 109 S.Ct. 1765, 104 L.Ed.2d 200 (1989). Section 90.404(2)(a), Florida Statutes (1991), reads:
Similar fact evidence of other crimes, wrongs, or acts is admissible when relevant to prove a material fact in issue, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity. (emphasis added).
The evidence was not offered to prove any of the factors listed in the statute as being probative of a material issue. In allowing the state to admit the videotaped interview, the judge ruled that the tape was relevant to show how Petersen gained the trust of the boys by allowing them to have access to his home and his belongings. Trust was not a material issue. Petersen was charged with violating section 800.04(2)[5], specifically that he “actually and knowingly exposed his genitals ... in a lewd manner” to the three boys. The only material issue was whether he exposed his genitals in a lewd manner. Motive, opportunity, intent, preparation, plan, identity, etc., were not the issue. The judge’s ruling was in error.
Even if there was a scintilla of evidence in the videotaped testimony that was probative of some material issue, the trial court was required to determine if the probative value was outweighed by the prejudicial value of the testimony. Bryan, 533 So.2d at 747. The allegations that other boys had been victimized by Petersen; that he owned guns and dildoes; that he engaged in sex with another man and a woman; and that he threatened another boy, may have inflamed the jury’s passions. These allegations were not relevant to any material issue on the charge of lewdness.
Finally, much of the testimony in the videotaped interview was hearsay.[6] The boys talked about statements from other boys and statements from their parents. There is no indicia of reliability. There is no reference to the identity of the person from whom the information came or under what circumstances. See State v. O’Brien, 633 So.2d 96, 99-100 (Fla. 5th DCA), review denied, 639 So.2d 981 (Fla.1994). We are aware of the ruling of the Florida Supreme Court in State v. Townsend, 635 So.2d 949 (Fla.1994). It is not applicable to much of the evidence that the state sought to introduce on the videotape. We find the trial court abused its discretion by allowing the videotaped testimony to be presented to the jury. We reverse for a new trial.
Although the issue is moot as to the sentencing of Petersen because of our opinion, we inform the parties that Petersen could only be convicted and sentenced for one act of lewd behavior even though there were three children present. A person can only be charged, convicted and sentenced for one act even though seen by more than one person. State v. Hernandez, 596 So.2d 671 (Fla.1992); Alfonso v. State, 633 So.2d 126 (Fla. 3d DCA 1994).
REVERSED and REMANDED.
DAUKSCH, J., concurs specially, with opinion.
GRIFFIN, J., concurs in result only, without opinion.

. § 800.04(2), Fla.Stat. (1991).

. We are aware that the trial judge admitted hearsay testimony from other witnesses including the parent of two of the children, a woman friend of the family and the case worker who interviewed the minor boys, however, we do not discuss this hearsay because the videotape was the most egregious example of improper hearsay.

. All the boys were under the age of 11 at the time the state filed the information.

. Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).

. Section 800.04 reads in pertinent part:
Any person who:
[[Image here]]
(2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
[[Image here]]
without committing the crime of sexual battery, commits a felony of the second degree ...
§ 800.04(2), Fla.Stat. (1991).

. See §§ 90.801, 90.802, Fla.Stat. (1991).