PER CURIAM.
We reverse appellant’s conviction for leaving the scene of an accident involving serious bodily injury or death because of the absence of any instruction to the jury on constructive knowledge of the injury. We remand for a new trial.
The trial court read the following instruction to the jury without objection:
Before you can find Elizabeth Cordier guilty of leaving the scene of an accident resulting in the death of a person, the state must prove the following four elements beyond a reasonable doubt:
One, the defendant was the driver of a vehicle involved in an accident;
Two, it resulted in the death of Preston Washington, III;
Three, the defendant knew or should have known that she was involved in the accident;
and Four, the defendant willfully failed to immediately stop at the scene of the accident or as close thereto as possible and remain at the scene of the accident until she fulfilled the requirements of Florida Statutes Section 316.062.
The trial court failed to instruct the jury on the element of knowledge concerning an injury or death. The supreme court recently held that in prosecuting a defendant for leaving the scene of an accident involving death or personal injury, the state must show the defendant knew or should have known of the death or personal injury. State v. Mancuso, 652 So.2d 370 (Fla.1995). We hold that the trial court committed fundamental error in failing to instruct the jury on that element of the crime as it was “pertinent or material to what must actually [have been] considered by the jury in order to convict.” Williams v. State, 400 So.2d 542, 543 (Fla. 3d DCA 1981), cert. denied, 459 U.S. 1149, 103 S.Ct. 793, 74 L.Ed.2d 998 (1983); accord State v. Delva, *506 575 So.2d 643, 645 (Fla.1991); Hernandez v. State, 575 So.2d 1321, 1323 (Fla. 4th DCA 1991), approved on other grounds, 596 So.2d 671 (Fla.1992).
The sentencing issue raised as to the imposition of costs of the state attorney’s time in prosecuting her case under section 939.01, Florida Statutes (1993), is rendered moot by this opinion.
GLICKSTEIN and PARIENTE, JJ., and KROLL, KATHLEEN, J., Associate Judge, concur.