WOLF, Judge.
This is a timely appeal of a final judgment following a jury trial in which appellant was convicted of sale of cocaine. Appellant raises two issues on appeal: (1) Whether the trial court erred in allowing the state to elicit opinion testimony, over objection, from a deputy sheriff that the informant was an honest person; and (2) whether the trial court erred in requiring appellant to pay certain costs without statutory authority. It is only necessary for us to reach the first point, as we reverse and remand for a new trial.[1]
We find that the testimony given by the deputy sheriff improperly bolstered the testimony of the informant. Hernandez v. State, 575 So.2d 1321 (Fla. 4th DCA 1991). In light of the fact that the informant was the only eyewitness to the transaction for which appellant was convicted, we cannot find beyond a reasonable doubt that the error did not contribute to the verdict. State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
ERVIN and MINER, JJ., concur.

. We would note, however, that when costs are imposed, they must be assessed in compliance with the procedures outlined in Bradshaw v. State, 638 So.2d 1024 (Fla. 1st DCA 1994).