PER CURIAM.
We affirm the conviction and sentence of the appellant. In so doing, we recede from Hernandez v. State, 575 So.2d 1321 (Fla. 4th DCA 1991), approved on other grounds, 596 *672 So.2d 671 (Fla.1992), to the extent that Hernandez held that because of the authoritative positions held by two police officers and a teacher, their testimony that they believed a child victim’s accusations in a sexual assault trial could amount to reversible error even absent the defendant’s lack of objection at trial. Hernandez, 575 So.2d at 1322.
In this case, the prosecutor’s questions to an investigating deputy and replies thereto were the following:
Q. When you first discussed the actions or the facts that bring us here with the child, do you go through any kind of a process to try to determine whether the child knows what the difference between the truth and a lie is, and is, in fact, going to tell you the truth?
A. Yeah.
Q. Okay; how?
A. Well, anytime you get — at least when I get a case with sensitivity such as in this case, I ask questions and I ask questions back like is this what you’re saying[,] do you mean this or could you point to such as [sic] such to try [to] get to it and I felt at [sic] that child [w]as telling me the truth.
(emphasis added).
We hold that the officer’s opinion on the veracity of the child victim required an objection at trial to preserve the error for review on appeal. We analogize this comment to the comments on the guilt of an accused made by an expert witness in Glendening v. State, 536 So.2d 212 (Fla.1988), which the court held were not reversible without objection, stating:
An opinion as to the guilt or innocence of an accused is not admissible. See Lam-brix v. State, 494 So.2d 1143 (Fla.1986); Spradley v. State, 442 So.2d 1039 (Fla. 2d DCA 1983). Although section 90.703 would appear to permit such an opinion, such testimony is precluded on the basis of section 90.403. Any probative value such an opinion may possess is clearly outweighed by the danger of unfair prejudice. This error does not, however, require reversal. Except in cases of fundamental error, an issue will not be considered for the first time on appeal. Steinhorst v. State, 412 So.2d 332 (Fla.1982). Defense counsel neither objected to the answer nor moved to strike it and the error is not of a fundamental nature.
Glendening, 536 So.2d at 221.
Although the comments in this case went to the truthfulness of a witness rather than the guilt of the accused, they similarly do not amount to fundamental error which may be considered for the first time on appeal. Thus, we are now in accord with Gray v. State, 640 So.2d 186, 194 (Fla. 1st DCA 1994), which held that an officer’s testimony that a child witness was “very believable” and an HRS investigator’s similar testimony, while improper, were not grounds for reversal due to the appellant’s failure to preserve the issue in the trial court.
Affirmed.
GUNTHER, C.J., and GLICKSTEIN, DELL, STONE, WARNER, POLEN, FARMER, KLEIN, PARIENTE, STEVENSON, SHAHOOD and GROSS, JJ., concur.