682 So.2d 204 (1996)
John Thomas FARRELL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1047.
District Court of Appeal of Florida, Fifth District.
October 25, 1996.
*205 James B. Gibson, Public Defender and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
John Thomas Farrell appeals his conviction for lewd and lascivious assault upon a child under 16 years of age, a violation of section 800.04(4), Florida Statutes (1991). Although Farrell raises four points on appeal, we find one dispositive. The trial court erred when it admitted testimony from the child that Farrell said he had been in prison for molesting another child. This was far more prejudicial than probative, and its admission was not harmless error. We reverse his conviction and sentence, and remand for a new trial.
Farrell was accused by a minor, D.C., of fondling him on his private parts through his clothing. D.C. testified that this occurred on numerous occasions over several months at Farrell's home, in Farrell's car, while they were walking in the woods and while they were swimming. Farrell and his family had been friends with the child and his mother for several years. The families usually ate together on Thursday evenings, and the Farrells drove D.C. and his mother to Shands hospital in Gainesville, where D.C. was being treated for a variety of medical problems. The mother could not drive and relied upon the Farrells to drive the child to his medical appointments.
The child suffered unfortunate disabilities, including ear infections, juvenile diabetes and kidney problems. According to his mother, he acted "crazy" when his blood sugar was "out of whack." At one point he tried to commit suicide and had been seeing a counselor. His mother testified that, because of his learning disabilities, he did not understand the concept of numbers and became confused about the sequence of events. He knew that something happened, she testified, but he could not say how many times or when.
The alleged abuse came to light as he and his mother prepared for a trip to Shands with the Farrells. D.C. told his mother he did not want go with Farrell. The mother pressed him for a reason and he told her about the fondling. Initially, the mother did not report the matter to the police because the child was afraid of being ridiculed at school. After talking to the child's counselor, who said that she would report the accusation if the mother did not, the mother reported *206 the allegations to the police and Farrell was arrested.
Prior to trial, Farrell filed a motion in limine in which he sought to exclude any reference to his having previously served time in prison for any offense, and any evidence that Farrell had been in prison for child molestation. The court denied the motion.
Evidence of other crimes is often so intimately intertwined in a crime that it cannot be separated out, but must be admitted to show the context of the crime. See e.g. Griffin v. State, 639 So.2d 966 (Fla.1994), cert. denied, ___ U.S. ___, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995); Correll v. State, 523 So.2d 562 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988); Denmark v. State, 646 So.2d 754 (Fla. 2d DCA 1994). Nevertheless, although Farrell's alleged statement to D.C. that he was previously imprisoned for fondling another child may have been relevant to explain why the child feared Farrell and why he delayed reporting the fondling to his mother, the statement should not have been admitted because its probative value was outweighed by unfair prejudice. § 90.403, Fla. Stat. This case was one of whom do you believe, and thus, evidence showing that Farrell had committed a similar crime became extremely significant. Indeed, the jury heard both the child's videotaped and live testimony in this regard. Instead of admitting the similar crime evidence, the court should have allowed D.C. to testify only that Farrell stated he had been in prisonwhich would have explained D.C.'s fear of Farrell and reluctance to report him.[1]
The state argues that the statement was admissible to prove that Farrell touched the child with a lewd and lascivious intent. See Erickson v. State, 565 So.2d 328 (Fla. 4th DCA 1990), rev. denied, 576 So.2d 286 (1991). Farrell and his wife testified that he engaged in horseplay with the child, that he was a great "tickler," and that the child may have misunderstood his behavior. One of Farrell's theories was that he touched the child, but only as part of innocent tickling and horseplay. The state argues that Farrell's statement, that he had gone to jail before for fondling another child, was therefore relevant to show that the touching in this case was not innocent. We disagree that the statement was admissible on this ground.
Before admitting this type of evidence, a trial court must weigh its probative value against the danger the evidence may confuse or mislead the jury. § 90.403, Fla. Stat. More important, the testimony must not inflame the jury so as to taint its verdict. Pardo v. State, 596 So.2d 665 (Fla.1992); State v. Kopko, 596 So.2d 669 (Fla.1992). Here, although the evidence may have been relevant to prove Farrell's state of mind, this probative value was outweighed by its inflammatory nature and unfair prejudice. Because we are unable to conclude beyond a reasonable doubt that admission of the evidence did not affect the verdict, State v. DiGuilio, 491 So.2d 1129 (Fla.1986), we reverse and remand for a new trial.
REVERSED and REMANDED for new trial.
PETERSON, C.J., and COBB, J., concur.
NOTES
[1] The child met Farrell and his family while visiting his mother's boyfriend at Tomoka Correctional Institution, where Farrell was an inmate at the time.