WOLF, J.
This is an appeal from Griffin’s conviction and sentence for attempted burglary of a conveyance. The issue before us is whether the trial court abused its discretion by admitting into evidence appellant’s admission to other crimes not relevant to the charged offense. We reverse the conviction and sentence and remand for a new trial.
Appellant and his codefendant were arrested in the Orange Park Mall in the vicinity of a black Jeep Cherokee that had its driver’s side window broken. At trial, a police officer testified that appellant stated that “he, indeed, had broken the window with a screwdriver.... And the only reason he broke the window is because his friend was going to attempt to steal the black Cherokee.” When asked by the prosecutor whether appellant had indicated why he had only broken the window, the officer further testified, “The defendant stated that he did not steal Chrysler products, that he only stole or knew how to steal GM products.”
Only the portion of the officer’s testimony regarding appellant’s statement that he only stole GM products is in dispute, and appellant properly objected to the admission of that testimony. At the hearing on appellant’s motion in limine to exclude the statement, the state indicated that it wished to admit this evidence at trial in order to prove its principal theory that appellant and Randolph had been engaged in a common scheme to steal cars and other items from vehicles in the mall parking lot. See Valdes v. State, 626 So.2d 1316, 1322 (Fla.1993) (“[0]ne who participates with another in a common criminal scheme is guilty of all crimes committed in furtherance of that scheme regardless of whether he or she physically participates in that crime.”). Even if this evidence could be considered relevant to proving the material issue of the requisite intent to commit the offense charged in this case, it was repetitive of appellant’s other independent statement, testified to by the officer, demonstrating appellant’s requisite intent. Appellant’s statement that “the only reason he broke the window is because his friend was going to attempt to steal the black Cherokee,” by itself, showed that *79 Randolph had the necessary intent to commit a burglary of the Jeep and that appellant’s action in breaking the window of the Jeep had been in furtherance of a common scheme to steal the Jeep. This statement does not contain the prejudicial material related to other crimes. It is unclear, therefore, how appellant’s statement that he only stole GM products was at all necessary to the state’s case given appellant’s other statement to the officer.
In Farrell v. State, 682 So.2d 204 (Fla. 5th DCA 1996), the fifth district held that while the challenged collateral crime evidence in that case may have been relevant to proving the defendant’s state of mind, its probative value was still outweighed by its inflammatory nature and the possibility of unfair prejudice to the defendant. See id. at 206. The defendant in Farrell, who had been charged with lewd and lascivious assault upon a child, had apparently told the victim that he had been previously imprisoned for fondling another child. See id. The victim in that case then testified regarding the substance of this statement in order to explain his delay in reporting to his mother his own abuse at the hands of the defendant. See id. The fifth district in Farrell reasoned that while the defendant’s statement may have been relevant to show why the victim feared the defendant and had delayed reporting the incident, the trial court should not have allowed the entire statement to have come into evidence, but should instead have allowed the victim only to testify that the defendant had stated that he had been in prison. See id. The fifth district noted that such edited testimony would still have explained to the jury why the victim feared the defendant and delayed reporting the incident. See id. Similarly, the fourth district in Williams v. State, 539 So.2d 563 (Fla. 4th DCA 1989) held that a defendant’s admission to having been previously arrested and to being then currently on probation, should not have been admitted into evidence because any probative value the statement might have had, in terms of explaining why the defendant understood the Miranda rights given to him at the outset of his statement to the police, was substantially outweighed by the danger of unfair prejudice. See id. at 564.
In Farrell, the fifth district held that because the case had essentially been a credibility contest, the highly inflammatory statement there that the defendant had committed a similar crime in the past “became extremely significant” and precluded the court from concluding that the error in the admission of the statement had not affected the jury’s verdict. See Farrell, 682 So.2d at 206. Similarly, the fourth district in Williams held that because there had been little evidence of the defendant’s guilt in that case beyond his own confession, it could not conclude that the error in admitting the improper collateral crime evidence had been harmless beyond a reasonable doubt. See Williams, 539 So.2d at 564. In the instant case, a major part of the state’s case was the defendant’s admission to the officer that he broke the window of the Jeep because Randolph was going to attempt to steal it. We are unable to find that the erroneous admission of the appellant’s statement that he only knew how to steal GM products constituted harmless error. Appellant’s conviction is, therefore, reversed.
JOANOS and BENTON, JJ., concur.