# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2023-1355
_____

LEVI BILLY JACK HARVILL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Bay County.
Dustin S. Stephenson, Judge.

August 21, 2024

LEWIS, J.

Appellant, Levi Billy Jack Harvill, appeals his convictions and sentences for six counts of lewd or lascivious exhibition and five counts of indecent exposure, arguing they violate the Double Jeopardy Clause of the United States and Florida Constitutions. For the reasons that follow, we conclude that only four of the five indecent exposure convictions must be vacated.

## Facts

Appellant was charged with six counts of lewd or lascivious exhibition, in violation of section 800.04(7)(a), (b), Florida Statutes (2022), and five counts of indecent exposure, in violation of section 800.03(1), (2)(a), Florida Statutes (2022), based on allegations that he exposed his penis and masturbated in the presence of eleven

individuals on July 24, 2022. Each count alleged a different victim, with the victims named in the first six counts being less than sixteen years of age.

At a bench trial, the victims, members of three families who were all friends, testified that while they were at the Deer Point boat ramp and picnic area, they observed Appellant fondling and exposing his penis to them as he walked around for a long period of time. According to the victims, Appellant was not urinating, but rather masturbating with his pants unzipped and pulled down. Appellant, on the other hand, claimed that he was merely urinating. The trial court found Appellant guilty as charged in each count.

The trial court rejected Appellant's double jeopardy claim that he could be convicted and sentenced on only one of the eleven counts upon finding that the offenses contemplate a victim-based unit of prosecution. Appellant was adjudicated guilty on each count, and he was sentenced on counts 1 through 6 to ten years of imprisonment, followed by five years of sex offender probation, and on counts 7 through 11 to time served, with all the sentences to run concurrently.[1] This appeal followed.

## Analysis

We review de novo double jeopardy claims based on undisputed facts. *Beasley v. State*, 363 So. 3d 122, 123 (Fla. 1st DCA 2023). Both the United States and Florida Constitutions contain double jeopardy clauses that prohibit multiple prosecutions, convictions, and punishments for the same criminal offense. *Id.*; *see also* U.S. Const. amend. V; Art. 1, § 9, Fla. Const. However, "there is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments." *State v. Maisonet-Maldonado*, 308 So. 3d 63, 66 (Fla. 2020) (citation omitted). When the statutory language is void of an explicit statement authorizing separate punishments for two crimes, the sole method for determining whether multiple

---

[1] The trial court noted that it would impose the same sentence even if Appellant could be convicted on only one of the counts.

punishments violate double jeopardy is the *Blockburger*[2] "same elements" test, which is codified in section 775.021(4)(a), Florida Statutes, and provides that "offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial." *Id.* at 66–67. Pursuant to section 775.021(4)(a), we must examine the statutory elements of the offenses and consider the entire range of conduct prohibited by the statutes, and we may not consider the specific conduct charged or proved at trial. *Id.* at 68, 71. If the offenses are separate, we must next look to the three exceptions to the *Blockburger* test: "1. Offenses which require identical elements of proof. 2. Offenses which are degrees of the same offense as provided by statute. 3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense." § 775.021(4)(b), Fla. Stat. (2022). If none of the exceptions apply, "[t]he intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction." *Id.*

Furthermore, to determine whether the defendant can be exposed to convictions and punishments for multiple counts of the same statutory offense arising out of a single incident without violating double jeopardy, the court must apply the allowable unit of prosecution standard, which is a common-sense approach that requires consideration of the overall statutory scheme and the language of the statute. *State v. Rubio*, 967 So. 2d 768, 777–78 (Fla. 2007); *see also State v. Johnson*, 343 So. 3d 46, 48 (Fla. 2022). The "a/any" test is a useful, but nonexclusive linguistic tool in determining the intended unit of prosecution, pursuant to which the use of the article "a" indicates a legislative intent to make each item subject to separate prosecution, and the use of the word "any" suggests that the unit of prosecution is ambiguous. *Bautista v. State*, 863 So. 2d 1180, 1183–84, 1188 (Fla. 2003); *see also Rubio*, 967 So. 2d at 777–78.

Section 800.04, Florida Statutes (2022), titled "Lewd or lascivious offenses committed upon or in the presence of persons less than 16 years of age," provides in relevant part as follows:

---

[2] *Blockburger v. United States*, 284 U.S. 299 (1932).

**(7) Lewd or lascivious exhibition.--**

(a) A person who:

1. Intentionally masturbates;

2. Intentionally exposes the genitals in a lewd or lascivious manner; or

3. Intentionally commits any other sexual act that does not involve actual physical or sexual contact with the victim, including, but not limited to, sadomasochistic abuse, sexual bestiality, or the simulation of any act involving sexual activity

in the presence of <u>a victim</u> who is less than 16 years of age, commits lewd or lascivious exhibition.

(b) An offender 18 years of age or older who commits a lewd or lascivious exhibition commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(c) An offender less than 18 years of age who commits a lewd or lascivious exhibition commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

(Emphasis added.)[3] *See also* Fla. Std. Jury Instr. (Crim.) 11.10(e) (providing in part that "'[i]n the presence of' means that (victim) saw, heard, or otherwise sensed that the act was taking place"). The statute defines "victim" as "<u>a person</u> upon whom an offense described in this section was committed or attempted or a person who has reported a violation of this section to a law enforcement officer." § 800.04(1)(d), Fla. Stat. (emphasis added).

---

[3] The remainder of the statute, which proscribes lewd or lascivious battery, lewd or lascivious molestation, and lewd or lascivious conduct, similarly uses the language "a person," except in section 800.04(4)(a)2., which refers to "any person." § 800.04, Fla. Stat.

Section 800.03, Florida Statutes (2022), is titled "Exposure of sexual organs" and provides in pertinent part as follows:

(1) A person commits unlawful exposure of sexual organs by:

(a) Exposing or exhibiting his or her sexual organs in public or on the private premises of another, or so near thereto as to be seen from such private premises, in a vulgar or indecent manner; or

(b) Being naked in public in a vulgar or indecent manner.

(2)(a) Except as provided in paragraph (b), a violation of this section is a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.

(b) A second or subsequent violation of this section is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

*See also* Fla. Std. Jury Instr. (Crim.) 11.9 (noting that "[i]f defendant is charged only with exposure of sexual organs in public, the State need not prove that someone was offended. However, for cases involving exposure of sexual organs on private premises or so near to be seen from the premises, the jury must be instructed on element #5," which is that "[t]he exposure or exhibition of sexual organs caused offense to one or more persons viewing it"). Unlawful exposure is a category 2 lesser offense of lewd or lascivious exhibition. Fla. Std. Jury Instr. (Crim.) 11.10(e).

First, we must apply the *Blockburger* same elements test to determine whether Appellant's punishments for both lewd or lascivious exhibition and indecent exposure arising from the same criminal transaction violate double jeopardy. The two offenses are separate because each requires proof of an element that the other does not – age of the victim in section 800.04(7) and location in section 800.03(1) –, and section 800.04(7) prohibits a wider range of conduct such that a violation thereof can be established with proof of an act other than exposure. Additionally, none of the exceptions in section 775.021(4)(b) apply. *See Maisonet-Maldonado*, 308 So. 3d at 71 (explaining that when two offenses

5

satisfy the same elements test, the third exception does not apply because "[i]f two statutory offenses are found to be separate under *Blockburger*, then the lesser offense is not subsumed by the greater offense"); *State v. Florida*, 894 So. 2d 941, 947 (Fla. 2005), *disapproved on other grounds by Valdes v. State,* 3 So. 3d 1067 (Fla. 2009) (explaining that section 775.21(4)(b)(3) only applies to category 1 necessary lesser-included offenses and not to category 2 permissive lesser-included offenses).  Given such, Appellant's convictions for both lewd or lascivious exhibition and indecent exposure do not violate double jeopardy.

Next, we must consider whether Appellant can be convicted of multiple counts of lewd or lascivious exhibition arising out of a single incident by determining the allowable unit of prosecution under section 800.04(7).  Appellant asserts that the allowable unit of prosecution is the number of lewd acts, not the number of victims,  and in support he relies on the Florida Supreme Court's holding in *State v. Hernandez*, 596 So. 2d 671, 672 (Fla. 1992), that when a defendant commits a single act of lewd behavior in front of multiple children, he cannot be convicted of a separate count of lewd act for each child present.  *Hernandez* does not control our decision because the supreme court construed subsection (3) of section 800.04, Florida Statutes (1987), which provided as follows:

Any person who:

(1) Handles, fondles or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;

(2) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years; or

(3) Knowingly commits any lewd or lascivious act in the presence of <u>any child</u> under the age of 16 years without committing the crime of sexual battery is guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section.

*Id.* (emphasis added). Section 800.04 was significantly amended in 1999, with the revisions including the replacement of the phrase "in the presence of any child" with the phrase "in the presence of a victim."

Section 800.04 now requires the prohibited act to be done "in the presence of a victim who is less than 16 years of age," and it defines "victim" as "a person" upon whom the described offense was committed or who reported a violation of the statute to the police. The statute also provides that "[n]either the victim's lack of chastity nor the victim's consent is a defense to the crimes proscribed by this section" and that "[t]he perpetrator's ignorance of the victim's age, the victim's misrepresentation of his or her age, or the perpetrator's bona fide belief of the victim's age cannot be raised as a defense in a prosecution under this section." § 800.04(2), (3), Fla. Stat. The apparent purpose of section 800.04 is to protect children under sixteen from harm that can result from exposure to lewd acts. *See Odom v. State*, 561 So. 2d 443, 444 (Fla. 5th DCA 1990). The statute's use of the article "a" before "victim" signals a legislative intent to permit prosecution for each victim.

The Fourth District recently examined a very similar statute and rejected a double jeopardy challenge to convictions for two counts of lewd or lascivious exhibition in the presence of a correctional facility employee, in violation of section 800.09(2)(a), Florida Statutes (2021), which provided in part that a detained person may not "intentionally masturbate . . . in the presence of a person he or she knows or reasonably should know is an employee."[4] *Brown v. State*, 374 So. 3d 832, 836 (Fla. 4th DCA

---

[4] Section 800.09(2)(a), Florida Statutes, provides as follows:

(2)(a) A person who is detained in a facility may not:

1. Intentionally masturbate;

2. Intentionally expose the genitals in a lewd or lascivious manner; or

3. Intentionally commit any other sexual act that does not involve actual physical or sexual contact with the victim, including, but not limited to, sadomasochistic abuse,

7

2023) (reflecting that the appellant masturbated once in the presence of two employees). The court determined that the allowable unit of prosecution under section 800.09(2) is the number of employees, not the number of lewd acts, because the statute's use of the article "a" in the phrase "presence of a person" indicates that each person present during the exposure will support a separate charge. *Id.* The court distinguished *Hernandez* because the statute in that case proscribed the knowing commission of a lewd act in the presence of "any child," whereas section 800.09(2) used the word "a" instead of "any," indicating that "section 800.09(2)'s focus is on the number of employees present during the commission of a lewd act, not the number of distinct lewd acts committed." *Id.* The same is true for section 800.04(7).

Based on the statutory language, the purpose of the statute, the application of the a/any test, and *Brown*'s analysis of an analogous statute, we conclude that the allowable unit of prosecution under section 800.04(7) is the number of victims, not the number of lewd acts. Therefore, we affirm Appellant's convictions and sentences on the six counts of lewd or lascivious exhibition.

Finally, we look for the allowable unit of prosecution under section 800.03 to determine whether Appellant can be convicted of multiple counts of indecent exposure arising out of a single incident. Unlike section 800.04(7), section 800.03(1) is not amenable to the a/any test as it contains neither word in reference to the victim. What is more, the statute does not reference a victim, and it contemplates multiple witnesses to the vulgar act through its references to the exposure occurring in public. Because section 800.03(1) is ambiguous, the rule of lenity requires us to resolve the ambiguity in Appellant's favor and hold that the allowable unit of prosecution is the number of exposures, not the number of persons witnessing it. *See* § 775.021(1), Fla. Stat. ("The

---

sexual bestiality, or the simulation of any act involving sexual activity,

in the presence of a person he or she knows or reasonably should know is an employee.

8

provisions of this code and offenses defined by other statutes shall be strictly construed; when the language is susceptible of differing constructions, it shall be construed most favorably to the accused."); *see also Bautista*, 863 So. 2d at 1183 (explaining that if the statute is ambiguous, "the rule of lenity applies to resolve the ambiguity against turning a single transaction into multiple offenses"); *Hill v. State*, 351 So. 3d 1222, 1228 (Fla. 2d DCA 2022) (applying the rule of lenity to reverse three of the four convictions for failure to register as a sex offender because the statutes were ambiguous as to whether the Legislature intended for the offender to be charged with one or multiple counts of the offense). Thus, we reverse Appellant's convictions and sentences on four of the five counts of indecent exposure.

## Conclusion

Therefore, we affirm Appellant's convictions and sentences on the six counts of lewd or lascivious exhibition and on one of the five counts of indecent exposure, but we reverse and remand with instructions that the trial court vacate the convictions and sentences on the remaining four counts of indecent exposure as they violate double jeopardy.

AFFIRMED in part, REVERSED in part, and REMANDED with instructions.

ROBERTS and RAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, and Kasey Lacey, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Michael Schaub, Assistant Attorney General, Tallahassee, for Appellee.

9